# SUPREME COURT.

RICHARD PANCOAST and another agt. THE AMERICAN HEATING AND POWER COMPANY, Impleaded, &c.

*Complaint — Sufficiency of— Demurrer —Chattel mortgage —Effect of non-filing.*

Where a complaint prays only for an injunction against a defendant disposing of its property, that property being in the hands of a receiver, it cannot be sustained.

The non-filing of a chattel mortgage does not render it invalid as between the mortgagor and mortgagee.

*Special Term, October,* 1883.

*Daniel S. Remsen,* for plaintiffs.

*C. B. Alexander* and *Alexander & Green,* for defendants.

VOL. LXVI 7

ON demurrer on behalf of the American Heating and Power Company.

The complaint briefly stated was as follows : That in October, 1881, this defendant mortgaged its property in trust to the Farmers' Loan and Trust Company, and that the mortgage is recorded and that supplementary mortgages have been given, and that the plaintiffs are partners and that they are judgment creditors of this defendant; that an execution has been issued, and is now outstanding and in the hands of the sheriff; that none of the mortgages have been filed as chattel mortgages ; that a large part of the property consists of chattels, patents and the like, as well as on real estate; that suits have been begun to foreclose these mortgages; that a receiver has been appointed in the suit who has qualified.

The prayer was for an injunction against defendant to prevent the disposal of its property.

The defendant demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action.

LARREMORE, *J.* — It appears by the complaint that on May 12, 1883, when plaintiffs recovered their judgment, the property in dispute was in the possession of a receiver appointed at the instance of the mortgagee.   As between the parties to it, the mortgage was not invalid (*Jones* agt. *Graham*, 77 *N. Y.*, 628).

The only relief asked for against the demurrant is that it may be enjoined from doing what has already been done under the sanction of the court.

The complaint fails to show a valid cause of action against the company, and the demurrer should be sustained, with leave to plaintiffs to amend on payment of costs.