(18 Misc. Rep. 62.)

### GOODWIN v. BAYERLE et al.

(Supreme Court, Appellate Term, First Department. September 28, 1896.)

CHATTEL MORTGAGES—FAILURE TO FILE—SUBSEQUENT MORTGAGEE.

Laws 1833, c. 279, providing that a chattel mortgage, unless filed, is void as to subsequent mortgagees in good faith, does not apply where plaintiff, the subsequent mortgagee, was a cousin of the mortgagor, and knew, when he received his mortgage, that the mortgagor had theretofore given a mortgage on the chattels, though he informed plaintiff that the first mortgage had been paid, and plaintiff, before taking the second mortgage, ascertained that no chattel mortgage was on file.

Appeal from Third district court.

Action by Michael Goodwin against Elizabeth Bayerle, as administratrix of Henry Keller, deceased, and another, to recover possession of a horse, wagon, and harness. The complaint was dismissed against defendant Elizabeth Bayerle. A judgment was rendered in favor of plaintiff against defendant William Gubner, and said Gubner appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Jonas Cochrane and Smith & Cochrane, for appellant.

P. A. McManus, for respondent.

DALY, P. J. The plaintiff has recovered judgment against one of the defendants, William Gubner, for the possession of a horse, wagon, and harness, which were mortgaged to the plaintiff by Patrick Carlin on February 1, 1896. The defendant, a livery stable keeper, was the bailee of Mrs. Bayerle, the administratrix of Henry Keller, a prior mortgagee from Carlin, whose mortgage had not been filed; and the issue in the case was whether the plaintiff was a subsequent mortgagee in good faith at the time he took the second mortgage. If he were, then the unfiled mortgage was void as to him, and the judgment was proper. Laws 1833, c. 379; Rev. St. (9th Ed.) p. 2013. The plaintiff is a cousin of Carlin, the mortgagor, and before he received his mortgage he knew that Carlin had bought the horse and wagon from Keller, and had given the latter a chattel mortgage for part of the purchase money. Carlin informed him of the purchase and mortgage at the time they were made,—September, 1895,—and when, in February subsequently, Carlin applied for a loan, and offered the property as security, he informed plaintiff that the Keller mortgage had been paid. Plaintiff had heard that Keller was dead, and, before advancing the money, he

went to a lawyer, and directed him to find out if there was any mortgage on record. The lawyer informed him that there was no mortgage on record, and thereupon he advanced the money to Carlin, and took a mortgage for it. Having had notice of the existence of the prior mortgage, plaintiff was bound to use diligence to ascertain if it had been paid. It was not sufficient to inquire if it had been recorded, since he already had the notice which the filing would have given him, and the fact of nonfiling conveyed no information as to payment or satisfaction. His inquiry should have been of the mortgagee's personal representatives to ascertain if the mortgage had been satisfied. It is true that Carlin told him it had been paid, but he did not rely upon Carlin's statement, for he employed a lawyer to inquire if it had been recorded. In Mack v. Phelan, 92 N. Y. 27, it is said:

"The purchasers relied alone upon the statement of the mortgagor in respect to the lien. * * * They made no inquiry of the mortgagee, nor did they go to the mills where the mortgaged property was stated in the mortgage to be, to ascertain whether there were machines there to correspond to those described in the mortgage. Under the circumstances, it cannot, we think, be held as matter of law that they used due diligence in prosecuting the inquiry to ascertain whether the property purchased was covered by the mortgage."

The plaintiff not only did not seek the representatives of the mortgagee in order to ascertain if the mortgage had been paid, but he did not even ask Carlin to produce the mortgage, or the mortgagee's receipt for payment. It may be said that plaintiff had the same authority for believing the mortgage to be paid that he had for its existence, namely, the mortgagor's word; but he should have considered that, when Carlin told of the mortgage, he had no motive to misrepresent the facts, and that there might be such a motive when he desired to secure another loan upon the same property. That plaintiff appreciated the difference is shown by the fact that he did not rely implicitly upon Carlin's statement, but employed a lawyer to make a search of the records. It would seem, therefore, that plaintiff, having knowledge of the prior mortgage, and not having made any effort to ascertain that it was paid, cannot be deemed a subsequent mortgagor in good faith, and is not entitled to the property as against the prior mortgagee or her bailee.

Judgment reversed. Judgment against William Gubner reversed, with costs. All concur.