(18 Misc. Rep. 457.)

### VOLCKERS v. STURKE.

(Supreme Court, Appellate Term, First Department. November 25, 1896.)

CHATTEL MORTGAGES—FILING—LIEN AS AGAINST CREDITORS.

    A creditor who takes a bill of sale from the debtor in payment of his debt is a purchaser of the property, and therefore is not within the protection of Laws 1833, c. 279, § 1, providing that a chattel mortgage, unless filed, "shall be absolutely void as against creditors of the mortgagor."

Appeal from Thirteenth district court.

Action by Gustave Volckers against Richard Sturke for conversion. There was a judgment in favor of defendant, and plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

S. F. Hyman, for appellant.

G. R. Carrington, for respondent.

McADAM, J. The plaintiff received from one Margaret Eibs, on February 3, 1896, a chattel mortgage upon certain property in the store No. 728 Tenth avenue, this city, to secure the payment of $155. The mortgage was delivered on that day, but not filed until February 28, 1896. At the time the mortgage was made, the mortgagor owed the defendant about $400, and between the date

of making the mortgage and its filing the defendant gave her credit to the extent of $125 more, having up to this time no knowledge of the existence of the document. On March 19, 1896, the mortgagor gave the defendant a bill of sale of the property, and under this bill of sale, and a mortgage made by the mortgagor to Eggers & Co., February 5, 1896, for $262.06, and assigned by them to the defendant, the latter took possession of the property, about March 23, 1896, and sold it at public auction, receiving the amount of his claim less $21. The action was to recover damages for the conversion of the property embraced in the plaintiff's mortgage.

The defendant succeeded in the court below, upon the ground that, the plaintiff's mortgage not having been filed until 25 days after its delivery, it was void as to said defendant, an existing creditor; and Karst v. Gane, 136 N. Y. 316, 32 N. E. 1073, and Stephens v. Perrine, 143 N. Y. 476, 39 N. E. 11, are cited to sustain the conclusion. Those cases hold that the word "creditors," in the provision of the act of 1833 (chapter 279, § 1, providing that such a mortgage, unless filed as required by the act, "shall be absolutely void as against the creditors of the mortgagor"), includes creditors whose debts antedate the execution of the mortgage as well as those whose debts were subsequently contracted; and a simple contract creditor is as much within the protection of the statute as a creditor whose debt has been merged in a judgment. While this is true, the creditor cannot, until he has a judgment and lien, or a right to a lien, upon the specific property, invoke the aid of the statute cited. Thompson v. Van Vechten, 27 N. Y. 568; Jones v. Graham, 77 N. Y. 628; Button v. Rathbone, 126 N. Y., at page 191, 27 N. E. 266; Kitchen v. Lowery, 127 N. Y., at page 60, 27 N. E. 357; Kennedy v. Bank, 23 Hun, 494; Grassmuck v. Bauer, 17 Wkly. Dig. 523; Stewart v. Beale, 7 Hun, 404; Ebling v. Husson, 54 N. Y. Super. Ct. 377. The rule was not only recognized but reiterated in the Stephens Case (at page 481, 143 N. Y., and page 13, 39 N. E.) and in the Karst Case (at pages 323, 324, 136 N. Y., and page 1075, 32 N. E.). The statute which makes continued possession by the vendor a presumption of fraud (2 Edm. Rev. St. 141, § 5) provides that the term "creditors," as used therein, shall include "all persons, who shall be creditors of the vendor or assignor, at any time while such goods and chattels, shall remain in his possession or under his control" (Id. § 6). Yet, under this statute, a simple contract creditor, though under its protection as much as one by judgment, is not in a position to assert his rights as creditor until he obtains a judgment, and a lien thereunder, or a right to one. Southard v. Benner, 72 N. Y. 424, 426; Stimson v. Wrigly, 86 N. Y. 332, 339; Geery v. Geery, 63 N. Y. 252; Reynolds v. Ellis, 103 N. Y. 115, 123, 8 N. E. 392; Sullivan v. Miller, 106 N. Y., at page 641, 13 N. E. 772.

In the Karst Case, supra, the creditors had obtained a judgment and the return of an execution unsatisfied, and levied upon the mortgaged property; and under this lien their rights related back and protected them while simple contract creditors of the mort-

gagor. In the Stephens Case, supra, the creditors had also procured a judgment and return of an execution unsatisfied, followed by the appointment of a receiver in supplementary proceedings, who brought the action, and the same principle of protection was applied. Instead of putting his claim in judgment, the defendant, on March 19, 1896, 19 days after the plaintiff's mortgage was filed, and with notice of its existence (Herm. Chat. Mortg. p. 160, § 76; Goodwin v. Bayerle [Sup.] 41 N. Y. Supp. 20) took a bill of sale from the mortgagor of the property, and under this bill of sale, and without any process whatever, took possession and disposed of the property. The plaintiff's mortgage, though not filed until 25 days after it was made, took effect against the mortgagor from the time of its delivery, and against subsequent purchasers from the time of filing, and was at all times a valid obligation as against her or them. Jones v. Graham, supra; Pancoast v. Power Co., 66 How. Prac. 49. Being valid as against the mortgagor and subsequent purchasers, the bill of sale made by her to the defendant 19 days after the mortgage was filed gave him no better title than she had. It gave him no lien or right of lien in aid of the statutory provision, because not the act of the law but of the mortgagor.

It is unnecessary to discuss what rights the defendant acquired under the Eggers mortgage, for he sold property far in excess of what was required to satisfy it; so that, if he cannot justify under his bill of sale, the plaintiff will be entitled to sufficient of the proceeds to satisfy his mortgage. These questions may be considered upon the new trial, which will have to follow.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.