### VAN ORDEN et al. v. MORRIS et al.

(Supreme Court, Appellate Term, First Department. February 26, 1897.)

**1. BROKERS—RIGHT TO COMMISSIONS.**
A broker's right to commissions for obtaining a loan is complete when he finds a person ready to make the loan, and the terms thereof are agreed on. 42 N. Y. Supp. 473, affirmed.

**2. PLEADING—AMENDMENT ON APPEAL.**
A pleading may be amended in the appellate court to conform to the proof where no substantial right of the adverse party is affected thereby. 42 N. Y. Supp. 473, affirmed.

**3. SAME—CONFORMING PLEADING TO PROOF.**
An amendment to conform pleading to proof may be allowed where, after an erroneous denial of a motion to dismiss the complaint for insufficiency of evidence, other evidence is introduced without objection, which cures the defect.

Appeal from city court of New York, general term.

Action by John Van Orden and others against Albert C. Morris and others for brokers' commissions. From an affirmance of a judgment entered on a verdict in favor of plaintiffs (42 N. Y. Supp. 473), defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

George W. Miller, for appellants.
Joseph M. Williams, for respondents.

BISCHOFF, J. That there was sufficient evidence in this case to support a recovery by the plaintiffs cannot be questioned. The proof shows their employment by the defendants to procure the loan in question, the production through their efforts of a person thoroughly able and willing to make the loan upon the security offered, and the defendants' unexcused and arbitrary refusal to complete the transaction after the plaintiffs' services had been thus fully performed. It is claimed by the appellants, however, that there was, in effect, a failure of proof, because of a variance between the allegations of the complaint and the evidence given to sustain them, and that while the general term, by its order of affirmance, directed that the pleadings and proof be conformed, the order, so far, was erroneous, the variance being material, and the result prejudicial to appellants. The complaint alleged the fact that the plaintiffs were engaged in business as brokers in procuring loans; that application for the loan in ques-

tion was made to them by defendants; that they applied, in behalf of defendants, to one Frederick A. Snow for the loan; that Snow granted the application; and that "the plaintiffs informed the defendants that they had procured the same, and then and there introduced them to the said Frederick A. Snow, and the said defendants obtained the said loan on bond and mortgage," etc. The variance, and so the failure of proof relied upon by the appellants, is found in the fact that the loan was never actually made, as alleged, but that the defendants withdrew from the transaction with Snow, with the latter's consent, upon the payment of a fee of $150 for services in searching the title to the property. Snow was quite prepared to make the loan, and the defendants' withdrawal, according to ample evidence, was based upon no fault of the plaintiffs in the performance of the services for which they were retained, but because the defendants had subsequently secured the loan elsewhere. This appears to us to have been a clear case for the exercise by the general term of its power to disregard defects, not affecting the merits, and to conform the pleadings to the facts proved, where the complaint or defense is not thereby substantially changed. Code Civ. Proc. § 723; Baylies, New Trials, 166, and cases there collated. The plaintiffs did not in this instance attempt to prove an excuse for nonperformance under an allegation of performance, for they had performed all that was expected from them, according to the evidence, when they produced this competent party as a proposed lender, ready and willing to make the loan upon terms acceptable to the defendants. Sibbald v. Iron Co., 83 N. Y. 378, 383; Weinstein v. Golding, 17 Misc. Rep. 613, 40 N. Y. Supp. 680. The allegation that the loan had been made dispensed, it is true, with the necessity of alleging Snow's readiness and ability to make it; but the cause of action remains the same, whatever the facts showing the plaintiffs' success in procuring a lender may have been. The claim was based upon the plaintiffs' performance of their contract to procure a loan, as requested by the defendants, and this claim was not changed, in substance, by the amendment allowed, nor was any new ground of liability thus presented. The liability arose out of the plaintiffs' successful procurement of the proposed lender, and the fact of their success remains unaffected.

The case of Springer v. Westcott, 87 Hun, 190, 33 N. Y. Supp. 805, is not analogous to this, and does not support the appellants' contention. There the matter had to do with the imposition of liability upon a ground totally distinct from the basis of the cause of action alleged, and, moreover, the defendant had consistently, throughout the trial, endeavored to confine the proof to the issue, by objections to evidence beyond it. Here, as has been said, the cause of action was not altered, and it is further to be noted that all the evidence upon which the amendment was based was received in the case without any objection to its relevancy or materiality. Frear v. Sweet, 118 N. Y. 454, 23 N. E. 910. Evidence introduced by either party after denial of a motion to dismiss for insufficiency cured the defect in proof then existing. Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996, and cases cited.

We pass to an examination of the one exception taken to the court's ruling upon evidence which the appellants present to us. Hyatt, the partner of Snow, testified to the facts surrounding the termination of the loan transaction between Snow and the defendants, and his testimony was that there had been a "compromise agreement" whereby the defendants were released from any obligations touching their application for the loan through the plaintiffs, upon the payment of $150 as a fee for services performed by Snow and Hyatt in the matter, it being the defendants' intention to conclude the loan with other parties, although Snow was prepared to make the loan himself upon the terms which the plaintiffs had been engaged to secure. On cross-examination it was made to appear that Hyatt's information as to the fact of this payment was derived solely from the books of the firm, and accordingly the defendants' counsel moved that "what he (Hyatt) testified from books" be stricken from the record, and the motion was denied under exception. We may concede that the form of the objection properly presented the point that the evidence was hearsay, or was not the best evidence; also, that the motion, under the circumstances, did not appeal to the discretion of the court; but it is clear that no prejudice resulted to the appellants, since the fact that a payment of $150 had been made by them to Snow was not disputed. Defendants' counsel brought out the fact of this payment elsewhere upon the trial, and, while the circumstances surrounding the payment were claimed to have been different from Hyatt's account of them, the latter's incompetency as a witness was only shown to have extended to the fact of the payment itself. If Hyatt's knowledge of the surrounding circumstances, as well as of the payment, was derived only from the books, that fact should have been clearly brought out by the cross-examination upon which the motion was based; but it was not, the answers to defendants' counsel, as reasonably construed, having touched only upon the matter of the payment.

The judgment should be affirmed, with costs. All concur.