(21 App. Div. 254.)

DOUAI v. LUTJENS.

(Supreme Court, Appellate Division, Second Department. October 26, 1897.)

1. APPEAL—PRESUMPTIONS—AMENDMENT OF PLEADING.
   If, in an action on a promissory note, the defense of want of consideration is defectively pleaded, the court on appeal may consider it as amended to support the judgment, if on the facts it finds that the judgment was correct.

2. SAME—DIRECTING VERDICTS.
   Where, at the close of the evidence, both parties request the direction of a verdict, and thus submit the determination of the questions of fact to the

court, the court on appeal must assume the aspect of the case most favorable to the respondent which the testimony admits.

**3. ACTION ON NOTE—CONSIDERATION—BURDEN OF PROOF.**

When, in an action on a promissory note, defendant's proof shows that it was extorted from him, and was without consideration, it is incumbent on the plaintiff to establish under what circumstances, and for what value, he became its holder. The production of the note is not alone sufficient for that purpose.

**4. SAME—EVIDENCE.**

If, in such an action, the payee, who is the one charged with extorting the note, testifies that, before maturity, he indorsed it to the plaintiff for value, his testimony, being that of an interested party, is not conclusive, although uncontradicted.

Appeal from trial term.

Action by Robert Douai against Frederick Lutjens. From a judgment entered on a verdict of the jury, as directed by the court, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Charles Wehle, for appellant.

Benjamin Franklin and Herman Vogel, for respondent.

CULLEN, J. This action is brought to recover on a promissory note for $300, made by the defendant to the order of Charles Wehle, and indorsed by the payee to the plaintiff. The answer alleged that the note was obtained from the defendant by duress. It also attempted to set up that the note was without consideration. This latter defense was inartificially pleaded, but we think the intent clear; and, if the pleading was defective, the court could on the trial have permitted an amendment, and we should now consider it as amended to support the judgment if, on the facts, we find that the judgment was correct. The evidence of the defendant was to the effect that his uncle, one Bernkamp, was arrested in a civil action; that he, with another person, became a surety on an undertaking to discharge Bernkamp from arrest; that the execution of the undertaking and the instructions to the sheriff to discharge Bernkamp were had in the office of Wehle, the plaintiff's attorney; that, as a condition of consent to discharge Bernkamp, Wehle exacted the note in suit. Wehle controverted part of this evidence, and testified that the defendant agreed to pay one Klebisch $300 for obtaining the second surety on the bail bond; that the note was given for such service, and made to Wehle because Klebisch was indebted to him in that sum. At the close of the evidence, each of the parties requested the court to direct a verdict in his favor, and neither asked to go to the jury. Therefore, while there was undoubtedly a question of fact in the case, the parties assented to a determination of that question by the court. On this appeal we must assume the aspect of the case most favorable to the respondent which the testimony admits. If the defendant's story is true, then the note was wholly without consideration, and was void as between the parties, and as to all others except bona fide holders for value. The case is not similar to that of an accommodation note. When the proof showed that the note was extorted from the defendant, and

without consideration, it was incumbent on the plaintiff to establish under what circumstances and for what value he became its holder. The production of the note was not alone sufficient for that purpose. Bank v. Green, 43 N. Y. 298; Bank v. Noxon, 45 N. Y. 762. The plaintiff did not become a witness, but Wehle testified that, before the maturity of the note, he indorsed it to the plaintiff for value. It may be doubted whether this statement was sufficient to show that the plaintiff was a bona fide holder. But, whether sufficient or not, the witness was an interested party, and his testimony, even though uncontradicted, was not conclusive. It must be assumed that, by the direction of the verdict, the court resolved this question of fact adversely to the plaintiff.

The judgment appealed from should be affirmed, with costs. All concur.