(51 App. Div. 87.)

## WITHERBEE v. TAFT.

(Supreme Court, Appellate Division, Third Department. May 2, 1900.)

1. CHATTEL MORTGAGE—BILL OF SALE—PRIORITY—RECORD.
   Under Laws 1864, c. 412, and Laws 1883, c. 69, making an unrecorded chattel mortgage void as against subsequent mortgagees, one who takes a bill of sale of a canal boat as security for money loaned, without knowledge of a prior unrecorded chattel mortgage thereon, has an interest therein superior to that of such mortgagee, as he is, in effect, a subsequent mortgagee.

2. SAME—BONA FIDE PURCHASER.
   Where there is no proof that one who took a bill of sale of certain property as security for a debt knew of the existence of a prior unrecorded mortgage thereon, a finding that he was a mortgagee in good faith was proper.

3. SAME—FAILURE TO RECORD—MORTGAGEE'S RIGHTS.
   One who holds property under an unrecorded chattel mortgage cannot retain such property, even when turned over to him in payment of the debt by the mortgagor, as against a subsequent good-faith mortgagee, whose mortgage is not recorded, by reason of being a creditor of the mortgagee, as he cannot enforce such a right without a judgment and execution.

4. SAME—UNITED STATES VESSELS—TRANSFER—REGISTER.
   A transfer of a canal boat is not required to be registered in the office of the collector of customs, under Rev. St. U. S. § 4192, requiring transfer of vessels of the United States to be so registered in order to be valid against subsequent purchasers without notice, as Id. § 4131, defining vessels of the United States, does not include canal boats.

Appeal from trial term, Washington county.

Action by Robbins M. Witherbee against Andrew J. Taft to recover personal property. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

O. A. Dennis, for appellant.

J. Sanford Potter, for respondent.

MERWIN, J. The canal boat in question was built in 1881, and on November 10, 1881, the builders contracted to sell it to Sewell J. Sweet. On November 13, 1881, Sweet took possession, and ran it until the fall of 1895. On the 24th August, 1887, Sweet executed and delivered to the defendant a chattel mortgage upon his interest in the boat to secure the payment to the defendant of the sum of $671.75, the amount then due and unpaid from Sweet to the defendant for money loaned and applied towards the payment of the purchase price of the boat. This mortgage, and the renewals thereof, were filed in the town clerk's office of the town where Sweet resided, but not elsewhere. On or about January 9, 1892, Sweet

borrowed of one A. M. Bristol the sum of $700, giving therefor two notes of $350 each, bearing date January 9, 1892. This money was used to pay the balance due on the purchase money of the boat, and the vendors thereupon gave to Sweet a bill of sale thereof. This bears date January 11, 1892. Sweet, as security for the loan, executed to Bristol an assignment of all his interest in the bill of sale. This assignment bears date January 9, 1892, and authorizes Bristol to demand and receive the bill of sale, and provides that the assignment shall be attached to such bill of sale. Evidently the loan, the bill of sale, and its transfer to Bristol are to be construed as one transaction. In the spring of 1893, one of the notes to Bristol having become due, and not being paid, Bristol applied to Sweet for the payment of both notes. Thereupon Sweet applied to plaintiff for a loan to take them up. Then, as the trial court finds, the plaintiff loaned and advanced $757 to Sweet, being the amount of the notes, and the notes were duly assigned and transferred to plaintiff, and the bill of sale from the vendors to Sweet of January 11, 1892, was duly assigned and transferred to the plaintiff as security therefor. The proof is that the plaintiff, at Sweet's request, advanced the money directly to Bristol, and received from him a transfer of the notes and of the bill of sale and its transfer to Bristol. This was by the procurement of Sweet, and evidently the loan was made by plaintiff in reliance upon the security of the title. The loan by plaintiff has not been paid, and was past due when this action was commenced in June, 1896. The defendant's mortgage was not paid, and in the spring of 1896 he took possession of the boat. Soon thereafter, and before the commencement of this suit, the plaintiff, as the court finds on sufficient evidence, demanded possession of the boat, but the defendant refused to surrender possession. Neither the bill of sale to Sweet nor the transfers thereof to Bristol and to plaintiff, above referred to, were filed in the custom house or comptroller's office prior to the time the defendant obtained possession of the boat. The mortgage to defendant, not having been filed in the office of the comptroller, was, under the state law (chapter 412, Laws 1864; chapter 69, Laws 1883), void as against creditors of the mortgagor and subsequent purchasers and mortgagees in good faith. The plaintiff is, in effect, a subsequent mortgagee. He holds, as security for his advances, the title of the boat, such as was transferred from Sweet to Bristol, and by the latter, at Sweet's request, to the plaintiff. There are no intervening rights between the time of the transfer to Bristol and his transfer to plaintiff.

It is found by the court that the plaintiff, at the time he advanced his money and took the transfer, had no notice or knowledge of defendant's mortgage. The defendant claims that this finding is not sustained by the evidence. An examination of the evidence on that subject leads us to the conclusion that the finding of the court should not be disturbed. If it be considered that plaintiff takes the position on this subject of Bristol, the result is not changed. It appears that Bristol advanced the money at the time he took the security. It was for the balance of the purchase money of the

boat, and up to that time the legal title was not in Sweet. The moment it vested in him, the transfer to Bristol took effect. There is no proof that Bristol knew anything about the mortgage to defendant. In the absence of such proof, the facts clearly warrant the finding that Bristol was a mortgagee in good faith. The fact that the transfers to Bristol and to plaintiff were not filed as chattel mortgages in the proper office does not deprive them of the protection of the statute. The priority of the subsequent mortgage is not made to depend on whether it is ever filed. De Courcey v. Collins, 21 N. J. Eq. 357; Jones, Mortg. (4th Ed.) § 246. The defendant, before he obtained possession, had notice of plaintiff's mortgage.

It is argued upon the part of the defendant that, if his mortgage is not available against the plaintiff's claim, still he is a creditor of the mortgagor, and that, therefore, the plaintiff's mortgage, not being properly filed, is not enforceable against him. The defendant, however, not having a judgment and execution, is not in a position to enforce such a right. Jones v. Graham, 77 N. Y. 628; Button v. Rathbone, 43 Hun, 147; Id., 126 N. Y. 187, 27 N. E. 266; Kitchen v. Lowery, 127 N. Y. 59, 60, 27 N. E. 357. The defendant claims that by direction of Sweet he took possession of the boat in payment of his claim. No defense of this kind is set up. Nor would that fact relieve the defendant from the necessity of having a judgment and execution before he could assert his right as a creditor. That was so held in the Button Case, supra. Besides, the evidence warrants the conclusion that the defendant took possession under his mortgage.

It would therefore seem to follow that the trial court correctly held that the claim of the plaintiff to the possession of the boat was superior to that of the defendant, unless the failure of Bristol and of the plaintiff to file their transfers in the office of the collector of customs under the provisions of the federal statute (section 4192, Rev. St. U. S.) calls for a different conclusion. Upon this subject we assume, as claimed by the defendant, that under the evidence the boat is not to be deemed a "vessel of the United States," within the meaning of the law (Rev. St. U. S. §§ 4131, 4311; Best v. Staples, 61 N. Y. 71), and that, therefore, the provision as to filing in the collector's office is not applicable.

We have examined the other questions presented by the defendant, but we find no good ground for reversal. There was no dispute about the value of the boat. The evidence was sufficient to justify the finding as to the damages for detention.

Judgment affirmed, with costs. All concur.