(36 Misc. Rep. 161.)

### BUEB v. GERATY et al.

#### (Supreme Court, Appellate Term. October, 1901.)

CHATTEL MORTGAGE—SUBSEQUENT MORTGAGEE IN GOOD FAITH.

> A firm, to induce plaintiff to become accommodation indorser of its notes, promised to give him a chattel mortgage for his protection should he need it at any time. Thereafter, before the note was due, he demanded and received a chattel mortgage, and on maturity of the note was compelled to pay it. The firm had given a prior chattel mortgage, and defendants claimed the property secured thereby at a foreclosure sale under such other mortgage. Such mortgage, though filed in the county where one partner resided, was never filed in another county, in which the other partner resided. *Held,* that plaintiff was a subsequent mortgagee in good faith, for a present consideration, within Laws 1833, c. 279, § 1, and was entitled to attack, by replevin of the chattels thereby mortgaged, the validity of the prior chattel mortgage for the failure to file it in the county in which one of the partners resided.

Appeal from city court of New York, general term.

Action by Otto J. Bueb against Annie M. Geraty and others. From a judgment of the general term affirming a judgment for plaintiff, and from an order denying a new trial, defendants appeal. The mortgagor, George H. Ball, resided in the county of Kings, and the mortgagee, John J. Geraty, resided in the county of New York, at the time of the execution of the chattel mortgages sued on. Affirmed. See 64 N. Y. Supp. 1132, 66 N. Y. Supp. 385.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Edmund T. Oldham (John F. Couch, of counsel), for appellants.

Edwin F. Stern, for respondent.

McADAM, J. The action is in replevin to recover the possession of certain personal property claimed to belong to the plaintiff under a chattel mortgage made to him by the firm of Geraty & Ball, September 16, 1895, and duly filed in both New York and Kings counties. The defendants claimed title by purchase at a sale under a prior mortgage executed by said firm to the defendant Connery, August

27, 1895, and filed in New York county on the following day. The cause has already been twice before the appellate term (28 Misc. Rep. 134, 59 N. Y. Supp. 249; 32 Misc. Rep. 720, 66 N. Y. Supp. 385), which, on the first appeal, held that the Connery mortgage was void as against creditors and subsequent mortgagees in good faith, because not filed in Kings county, where one of the members of the firm resided. The court did not sustain the recovery then had, because not satisfied that the plaintiff, though a subsequent mortgagee, was one in good faith, within the meaning of the statute (Laws 1833, c. 279, § 1). The plaintiff claims that he has since abundantly supplied this proof. It appears that the plaintiff, on June 15, 1895, indorsed a note for $1,500 for the accommodation of Geraty & Ball, under the following circumstances: Mr. Ball, with Mr. Geraty, called upon the plaintiff, who testified:

"Mr. Geraty had a note ready, and wanted me to indorse it. I would not indorse the note, because I had never drawn or indorsed a note before. They both promised me that if I would indorse the note they would keep me harmless. Then Mr. Ball told me he would assign to me his half interest in the business. I said I didn't want that. Then they said they would give me a chattel mortgage * * * on the chattels in the prune juice business. Up to that time I had not indorsed the note. They told me not to record it, as it would affect their credit. I told them it would not be any good to me. They both begged me to do it, and Mr. Ball said that, in case something should happen in the business, he would give me a mortgage which I could record; and Mr. Geraty was standing near him when he said it, and Mr. Geraty said the same thing."

Mr. Ball testified that he said to the plaintiff:

"You indorse this note, let me get the money, and if, at any time, anything should happen, I will give you a mortgage, and record it; give you a mortgage that you can use, so that you are protected. Mr. Geraty was present, and he consented to everything that took place."

On these assurances the plaintiff indorsed the note. The mortgage was given September 16, 1895, to secure the payment of said note. The note matured October 18, 1895, was not paid by the makers, and the plaintiff was obliged to pay it. Of course, the plaintiff did not become a creditor within the statute, because not a judgment creditor. Volckers v. Sturke, 18 Misc. Rep. 458, 42 N. Y. Supp. 84; Witherbee v. Taft, 51 App. Div. 87, 64 N. Y. Supp. 347; Karst v. Gane, 136 N. Y. 323, 324, 32 N. E. 1073. The question is whether the plaintiff became a subsequent mortgagee in good faith, within the meaning of the statute. The defendants claim that the plaintiff was a mere holder of an antecedent debt, and that the giving of the mortgage to him, therefore, did not enable him to attack the nonfiling of the Connery mortgage; the rule being that an unfiled chattel mortgage, valid as between the parties, is good as against a subsequent mortgage, which has been filed, but which was given to secure an antecedent debt. Doig v. Haverly, 92 Hun, 176, 37 N. Y. Supp. 455; Cary v. White, 52 N. Y. 138; Jones v. Graham, 77 N. Y. 628; Button v. Rathbone, Sard & Co., 126 N. Y. 187, 27 N. E. 266. The obligation assumed by the plaintiff by his indorsement was a conditional one. He became liable to pay only in case Geraty & Ball did not. They, to induce such indorsement, agreed to give

him a mortgage in case he required one for his protection, and, finding he did need one, gave him the mortgage in suit September 16, 1895; and, Geraty & Ball having failed to pay the note when it matured the month following, the plaintiff's claim then ripened into an enforceable demand, because he was obliged to and did discharge the existing obligation.

The objection that the promise to execute the mortgage to the plaintiff was oral, and not enforceable under the statute of frauds, disappeared when the mortgage was actually given, and the consideration was a valuable and a present one. The consideration in an executory agreement may be prior in point of time to fulfillment, but this does not make it an antecedent consideration, within the meaning of the law, since it contemplates the entire transaction as it occurred. The plaintiff herein incurred the obligation and parted with his money on the faith of the mortgage which he ultimately received. It completed one transaction, of which the indorsement and payment were but part. We hold, therefore, that the plaintiff's debt was not an antecedent one, within the authorities, but that he became a mortgagee in good faith within the statute, and entitled to avail himself of the failure to properly file the prior mortgage to Connery. Harder v. Plass, 57 Hun, 540, 544, 11 N. Y. Supp. 226, is inapplicable, for it purports to follow Otis v. Sill, 8 Barb. 102, which holds that at law a mortgage of property, not belonging to the mortgagors, but to be acquired in futuro, is void. That feature does not exist here. The mortgagee, in Harder v. Plass, advanced $200 before the mortgagor acquired title to the property, and after he got title executed a chattel mortgage pursuant to a previous promise, not only for the $200, but for $94.25, owing on an old account. In that case both obligations were pre-existing when the mortgagor acquired title, and hence the mortgagee was not one in good faith, within the meaning of the law.

On the second appeal (32 Misc. Rep. 720, 66 N. Y. Supp. 385) the appellate term held that the submission of the issues was at variance with the rule laid down on the preceding appeal (28 Misc. Rep. 134, 59 N. Y. Supp. 249); hence the third trial was necessitated. The third trial seems to have been conducted on the lines indicated by the appellate term, and, this being so, the plaintiff, on the facts as they now appear, is entitled to an affirmance of his judgment, with costs.

Judgment affirmed, with costs. All concur.