(53 Misc. Rep. 317)

### ALEXANDER v. HARKIN et al.

(Supreme Court, Appellate Term. March 14, 1907.)

APPEAL—REVIEW—AMENDMENT OF PLEADINGS.

Where defendants' answer in replevin alleged ownership in themselves, and their evidence did not show individual ownership, but joint ownership with plaintiff, and the judgment awards possession to defendants, the answer will be considered as amended on appeal by inserting an averment that plaintiff and defendants are joint owners.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3621, 3622.]

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Charles A. Alexander against Harry E. Harkin and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Reid, Esselstyn & Ketcham (J. Ard Haughwout, of counsel), for appellant.

John C. Shaw, for respondents.

HENDRICK, J. Alleging that he was the owner of certain chattels, the plaintiff brought this action in replevin against the defendants, based upon a demand and refusal to deliver the property to the plaintiff. The defendants in their answer denied the plaintiff's ownership of the chattels and set up title in themselves. The issue tried in the court below was whether the plaintiff, who concededly at one time owned a portion of the property, and who furnished the defendants with the funds with which they purchased the remaining portion, turned this property and money into a partnership or joint venture in company with the defendants in trying to establish the business of buying, repairing, and selling secondhand automobiles, the net profits of which were to be divided equally between the parties herein, or whether the plaintiff retained title to the property in himself and merely loaned it to the defendants to enable them to put in salable condition two automobiles, which the plaintiff claimed he had placed with the defendants for the purpose of being repaired, and then to be sold and the profits divided.

The evidence taken on the trial is very voluminous, and it is unnecessary to go into it in detail. A careful examination leads us to the conclusion that there was sufficient testimony from which the court below was justified in finding that the parties to this action embarked in a joint business enterprise, either as partners or joint owners;

the plaintiff contributing his share in money, which was used in purchasing the property claimed by him, and also contributed the property owned by him and delivered to the defendants, the subject of this action, and the defendants furnishing the premises used in the business, paying the rent therefor, the wages of employés, and contributing their own labor, the net profits of the enterprise to be divided equally, each having one-third thereof, and that the plaintiff failed to establish absolute ownership of the chattels replevied in himself, and therefore was not entitled to recover herein. The judgment in the court below awarded possession of the disputed property to the defendants, and, in case a return thereof could not be had, then the sum of $300 judgment, its proven value. This judgment is supported by the facts, but does not conform to the defendants' answer. The defendants, although alleging ownership in themselves of the property in question, gave no proof of such ownership; their evidence showing no individual ownership, but a joint ownership by all the parties therein. This court has the power to amend a pleading upon appeal, where no substantial right of a party is affected. Van Orden v. Morris, 19 Misc. Rep. 497, 43 N. Y. Supp. 1108; Reim v. Brooklyn Heights R. Co., 94 N. Y. Supp. 636, 47 Misc. Rep. 675. And, where an amendment could have been allowed in the court below, the appellate court will treat it as amended on appeal, if the facts found support the judgment. Douai v. Lutjens, 21 App. Div. 254, 47 N. Y. Supp. 659. The answer herein will therefore be considered as having been amended by inserting an averment therein that the plaintiff and the defendants are joint owners of the property in question, and, as thus amended, the judgment will be affirmed. This amendment will avoid all question as to the conclusiveness of the judgment upon the question of ownership of the disputed property, which might arise, should such amendment not be made, and should either of the parties resort to a court of equity to determine the rights of the respective parties in the common fund.

Judgment affirmed, with costs. All concur.