### BARTON & SPOONER CO. v. GREY.

(Supreme Court, Appellate Term. February 18, 1910.)

CONTRACTS (§ 29*)—ACTIONS FOR COMPENSATION—EVIDENCE.

Where the uncontradicted evidence showed that plaintiff was employed by defendant to insert certain advertisements in designated papers, which it did, and that defendant later promised to pay plaintiff when it paid the papers, which was done, a verdict for plaintiff was properly directed.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 29.*]

Lehman, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by the Barton & Spooner Company against Alonzo D. Grey. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Fredk. F. Eisemann (Jerome Eisner, of counsel), for appellant.

Flammer & Flammer, for respondent.

SEABURY, J. The plaintiff sues to recover for services performed at the request of the defendant. The services consisted in causing certain advertisements to be inserted in two newspapers. The plaintiff

proved its employment by the defendant and that it caused the advertisements to be inserted in the newspapers designated. The plaintiff also proved a conversation with the defendant in which the latter stated that he would pay the plaintiff the amount claimed as soon as the plaintiff had paid the newspapers. As a matter of fact the plaintiff did pay the newspapers before this action was commenced. The defendant called no witnesses, and none of the evidence recited above was contradicted. Upon this proof I think that the learned court below properly directed a verdict for the plaintiff.

The judgment should be affirmed, with costs.

BIJUR, J. I concur for affirmance. Plaintiff sues for services rendered under a special contract. Moreover, on the trial plaintiff introduced, without objection, evidence of a promise by defendant to repay plaintiff the equivalent amount if plaintiff would first pay the aggregate of certain newspaper bills—the matter in suit. As a valid cause of action was thus set out in the evidence, and as this court may in such cases regard the pleadings as amended to conform to the proof, if substantial justice be done thereby (Van Orden v. Morris, 19 Misc. Rep. 497, 43 N. Y. Supp. 1108; Smith v. Wetmore, 41 App. Div. 290, 58 N. Y. Supp. 402), the judge below was justified, in the absence of the introduction of any evidence by defendant, in directing a verdict for plaintiff.

LEHMAN, J. (dissenting). The complaint sets up a cause of action for services rendered, alleging that plaintiff, at the special instance and request of defendant, inserted advertisements of the agreed price and reasonable value of $1,654.23 in the New York Evening Journal and New York American. To sustain this cause of action as alleged, the plaintiff must prove that it was acting as an independent contractor with the newspapers, and not as the defendant's agent. If it was acting as defendant's agent, then to recover the value of the advertising it must show that it paid for these advertisements, and may then recover the amount of such payments in an action for money paid.

At the opening of the trial the defendant moved to dismiss the complaint, because there was "no allegation that the plaintiff paid or was obliged to pay to the newspapers in which the advertisements were inserted." This motion was denied. Its denial was correct only upon the theory that such allegations were unnecessary, if in fact the defendant performed the services, not as agent of the defendant, but as an independent contractor. At the trial, however, it appeared that the plaintiff was merely the agent of the defendant, and that the advertising contract was made with the newspapers in the name of the defendant, and that thereafter the defendant agreed to pay the plaintiff for the insertion after it had paid the papers. The plaintiff then paid for the insertion. At the end of the plaintiff's case the trial justice directed a verdict. While the plaintiff showed a cause of action, he did not show the cause of action alleged, and the complaint should have been dismissed.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.