WILLIAM H. RUTTY, RESPONDENT, *v.* CONSOLIDATED FRUIT JAR COMPANY, APPELLANT.

*Breach of contract for the manufacture of goods — sufficiency of the allegations of the complaint as to a demand, and an offer to receive and to pay for them — conforming the pleading to the proof.*

In an action, brought to recover damages for a breach of contract, whereby the defendant agreed to manufacture for the plaintiff certain glove clasps, to be delivered from January 1, 1884, at twenty-nine cents per gross, it is necessary for the plaintiff to allege in his complaint and show that during the lifetime of the contract he demanded the goods, or that he notified the plaintiff of his willingness to receive and pay for the same.

Where no place of delivery is mentioned in the contract the presumption is that the goods are to be delivered at the place of manufacture, and in order that the defendant should be put in default it is necessary that a demand or an offer to receive the goods, and to pay for the same, be made within the period fixed by the contract.

The pleadings cannot be conformed to the proof, where an objection is taken in due form to the sufficiency of the complaint, which sets forth the cause of action. It is only in a case in which no objection is taken, or where, after the evidence has been admitted without objection, an objection to the complaint is taken at the end of the trial, that the court can make an order amending the pleading in such wise as to make it conform to the proof.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee, in the office of the clerk of the county of New York on the 12th day of January, 1889, for $3,996.07 damages and costs.

*L. A. Fuller,* for the appellant.

*J. Eustis,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages for the breach of a contract for the manufacture of certain merchandise. The allegations of the complaint, in brief, are that in November, 1883, the defendant entered into a contract with the plaintiff, whereby it agreed to manufacture for the plaintiff 10,000 gross of Rutty's button-glove clasps, as per sample, 500 gross per week to be delivered from January 1, 1884, at twenty-nine cents per gross; that defendant did not perform said contract on its part, but wholly neglected

the same, in that no clasps were made and delivered under said contract until the end of February, 1884, and then only a few gross and those incomplete; that from time to time until the month of February, 1885, when the defendant refused to deliver any more clasps, plaintiff received only 700 gross under said contract, and many of those were imperfect, and that, in consequence of defendant's failure to perform, the plaintiff lost the sale and profit of those goods, to the plaintiff's damage $12,000. For a second cause of action the plaintiff alleges, reiterating all the previous allegations, that when the defendant threw up the contract in February, 1885, the plaintiff employed other parties to make said clasps, on notice to the defendant, and had said clasps made by different parties at an expense exceeding the contract-price to the amount of $3,129.05. And for a third cause of action the plaintiff alleges the delivery of certain tools mentioned and brass to use in making the clasps of the value of $1,216.80, which were destroyed by fire when in defendant's possession. The answer was substantially a general denial. The plaintiff gave evidence tending to prove the allegations of the complaint, and the defendant gave evidence to the contrary.

Upon the termination of the evidence the defendant moved to dismiss upon the ground, amongst others, that the complaint did not allege that the plaintiff demanded the goods during the lifetime of the contract; secondly, that it did not allege that the plaintiff had tendered the price nor that he was able or ready to receive the goods, and that the complaint did not allege that the defendant refused to complete the contract until February, 1885, after the contract had expired. The referee overruled these objections and found the making of the contract; that the plaintiff extended from time to time the delivery of the clasps, and that some few of the clasps were delivered under the contract, and that after the refusal and failure of the defendant to complete the contract the plaintiff procured the balance of the clasps at an expense, over and above the amount of the contract, of $3,062.08, and for this amount gave judgment, and for another small item which it is not necessary to mention.

The claim is now made that the overruling of the motion to dismiss the complaint was error. In this it seems to us the appellant is clearly right. In the case of *Pope* v. *Terre Haute Car Manufacturing Com-*

*pany* (107 N. Y., 61), it was distinctly held that the promise of the defendants to manufacture, sell and deliver the goods, and of the plaintiff to receive and pay therefor, were mutual and concurrent; and that neither party can maintain an action against the other for a breach of that contract without proving performance on his part. This the plaintiff has utterly failed to do. He has not alleged in his complaint any demand for the goods or any notice of willingness, upon his part, to receive and pay therefor. In the contract no place of delivery was mentioned, and the presumption is that the goods were to be delivered at the place of manufacture, and in order that the defendant should be put in default, it was necessary, under the rule laid down by this decision, that a demand should be made and an offer to receive the goods and pay for the same tendered. If the defendants were suing because the plaintiff had failed to receive and pay for the goods, it would undoubtedly have been necessary for them to have established that they either delivered or offered to deliver the merchandise within the time mentioned by the contract. If it would have been necessary for the defendants to prove this to recover upon the contract, it was certainly equally incumbent upon the plaintiff to prove that he had either demanded or had signified his willingness to receive and pay for the merchandise during the life of the contract before he could recover damages for any breach.

There is no allegation of a demand until after the expiration of the contract, and there is no allegation in the complaint of an extension of the contract, and although this was found by the referee, yet still, in the face of the motion to dismiss because of its want of allegation, he seems to have thought he had the power to give judgment according to the evidence, notwithstanding that no amendment of the pleading was asked for or made. The authority cited shows that such practice cannot prevail, and that if an objection to a defect in the pleading is taken before the case is submitted, the weakness permeates the whole case, and unless the necessary allegations are present a recovery cannot be had. It is true that in the case cited the motion was made on the opening of the case. But the right to make such a motion exists until the case is actually submitted for decision. The pleadings cannot be conformed to the proof where there is an objection taken in due time to the sufficiency of the pleading which sets forth the cause of action. It is only where no

objection is taken or where, if at the end of the case, evidence has been admitted without objection, the objection is taken, the court makes an order amending the pleadings to conform to the proof. But no recovery can be had unless the pleadings contain the necessary allegations. As already stated, there were no allegations showing the extension of this contract, and consequently the referee had no power to make any such finding for the purpose of sustaining a recovery in view of the objection as to the weakness of the complaint. That the contract had expired by the terms of the complaint at the time of the making of the demand was distinctly taken as one of the grounds upon which a dismissal was asked. In the face of this objection the referee had no power to discuss the question of the extension of this contract, as to which nothing was alleged, as though no such objection had been taken.

We are of opinion, therefore, that the failure to allege this extension, the failure to allege willingness to receive and pay for the merchandise during the life of the contract, and, therefore, of willingness to perform, upon the part of the plaintiff, was a fatal defect and precludes a recovery upon the complaint as it now stands.

The judgment must be reversed and a new trial ordered, with costs to appellant to abide event.

Cullen, J., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.