## SMITH v. WETMORE et al.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

1. BUILDING CONTRACTS—ACTIONS—ENGINEER'S CERTIFICATE—PLEADING.
   In an action by a building contractor to recover on the contract which provided, as a condition to payment, that the work should be completed to the satisfaction and acceptance of the engineer employed by the owner, where no such certificate has been obtained the complaint must allege an unreasonable refusal of the engineer to give the contractor his final certificate; an allegation that plaintiff has performed all the work called for by his contract being insufficient.

2. APPEAL—AMENDMENT OF COMPLAINT.
   A complaint may be amended in the appellate court to conform with the proof adduced in the trial court, where not introducing a new cause of action.

3. SAME—PRESUMPTIONS.
   Where the proof would sustain a finding of fact necessary to support the judgment, but no such finding was made, the appellate court will pre-

sume that the fact was found by the trial court in favor of the prevailing party.

Appeal from special term, Queens county.

Action by Alonzo E. Smith against Charles W. Wetmore, individually and as trustee, and others. From a judgment for plaintiff (52 N. Y. Supp. 513), part of defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

George W. Weiffenbach and J. Langdon Ward, for appellants.
Henry A. Monfort, for respondent.

WILLARD BARTLETT, J.   This is a suit to foreclose a mechanic's lien, and arises out of a contract for the construction of a canal and a basin in the harbor of Oyster Bay, on Long Island. The complaint alleged, and the trial court has found, that the work required to be done by the plaintiff under the contract was substantially completed, and that there is due to him a balance of $7,274.67 on account of said work. The defendants deny that the plaintiff had fulfilled the conditions of the contract on his part, either substantially or in any other manner. The evidence upon this issue was exceedingly conflicting. It was fully discussed on the oral argument, and we have carefully read it through since, without finding anything which would justify us in holding that the learned trial judge was wrong in deciding that there was a substantial performance of the contract.

There is a question of law in the case, however, which requires consideration. The contract contains a provision to the effect that when all the work shall be completed in accordance with the specifications, and to the satisfaction and acceptance of the engineer employed by the defendant Wetmore, there shall be a final estimate made by the engineer of the quality, quantity, and value of said work, when the full amount appearing due to the contractor "shall be paid to him at such time and place as he may designate, upon his presenting the said engineer's certificate of the amount," etc. The plaintiff did not obtain this certificate, nor did the complaint contain any allegations showing that it had been unreasonably refused, or that its production had been waived, or that any other legal excuse existed for not presenting it. Nevertheless, evidence was introduced in behalf of the plaintiff, over the objection and exception of the defendants, tending to show that the engineer unreasonably refused to give the prescribed certificate, inasmuch as it was unreasonable to refuse to give it, if, as the plaintiff testified, he had in fact substantially completed the work under the contract. The appellants now contend that this evidence was inadmissible under the complaint, and cite the case of Weeks v. O'Brien, 141 N. Y. 199, 36 N. E. 185, as authority for the proposition that, "if the plaintiff relied upon a matter excusing him from procuring the certificate, the facts should have been stated." The learned judge at special term suggests that this point was not necessarily involved in the actual decision of the court of appeals in the case cited, and refers to Bogardus v.

Insurance Co., 101 N. Y. 328, 4 N. E. 522, as declaring a contrary doctrine. It seems to us, however, that the cases can be distinguished. The Bogardus Case certainly does· hold that in an action ex contractu the complaint must show an existing contract, and the performance by the plaintiff of any conditions precedent, or an offer to perform, or an adequate excuse for nonperformance; and Chief Judge Ruger expressly declares that this may be done by a general allegation of performance. Applying the rule thus laid down to the case at bar, it was entirely competent for the plaintiff, under his allegation of substantial performance, to show, for example, that certain work which the contract called for had been omitted. by the express direction of his employers, or that they had required him to substitute one kind of work for another, or that the parties had changed the plan of construction by mutual consent. All these matters would relate to the performance of the contract. When, however, an agreement contains a stipulation which requires the production of the certificate of an engineer, architect, or other superintendent, as a condition precedent to the right to demand payment, the contractor really makes his compensation .dependent, not only upon the substantial performance of the work, but upon a subsequent procurement of the certificate; and unless he does procure the certificate, or give some adequate reason for not obtaining it, he must go without his pay. When, therefore, a contractor· in such a case alleges that he has substantially performed all the work called for by his contract, that allegation is not an averment of any fact whatever in respect to the certificate. It is merely a statement that the plaintiff has completed the labor contemplated by the contract, but it affirms nothing in respect to the evidence of such completion in the form of the certificate which he must submit (unless he can excuse himself for not submitting it) before he becomes entitled to payment. While, therefore, we are of the opinion that the unreasonable refusal of the engineer to give the plaintiff his final certificate should have been alleged in the complaint, in accordance with the rule of pleading sanctioned in Weeks v. O'Brien, supra, we think that the complaint ·should have been amended on the trial so as to conform to the proof on this subject, and it may be so amended even now. Harris v. Tumbridge, 83 N. Y. 92. There is no express finding to the effect that the certificate was unreasonably withheld; but, as the proof would amply sustain such a finding, it may be presumed here, in support of the judgment, that this fact was found by the trial court in favor of the plaintiff. Meyer v. Lathrop, 73 N. Y. 315.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.