### BOSSERT et al. v. POERSCHKE.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

1. BUILDING CONTRACT—ARCHITECT'S SURVEY—PLEADING—EVIDENCE.

Where, in an action on a building contract, providing that plaintiff should perform the carpenter work to the satisfaction of an architect, to be testified by the architect's certificate, the complaint contained no allegation of performance, nor that such architect's certificate had been procured or waived, it was error for the trial court to admit evidence of the waiver of such certificate over defendant's objection.

2. SAME—COMPLAINT—SUFFICIENCY—OBJECTION.

Where the complaint in an action on a building contract, requiring an architect's certificate of performance, failed to allege production or waiver

thereof, an objection to the sufficiency of the complaint for such failure
may be properly raised for the first time at the trial, when evidence is
offered to prove such condition.

8. SAME—PLEADING AMENDED TO CONFORM TO PROOF.
    Where, in an action on a building contract requiring an architect's cer-
    tificate of performance, the complaint failed to allege the production or
    waiver thereof, and defendant having objected to evidence tending to prove
    a waiver thereof at the trial, which was erroneously admitted and judg-
    ment rendered for plaintiff, the complaint should not be treated as amended
    to conform to' the facts, either by the trial court or on appeal.

Appeal from special term, New York county.

Action by Louis Bossert and others against Edward R. Poerschke.
From a judgment in favor of plaintiffs, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGH-
LIN, PATTERSON, and O'BRIEN, JJ.

Jacob Fromme, for appellant.
J. Stewart Ross, for respondents.

RUMSEY, J.   The action was brought to foreclose a mechanic's
lien.   It was tried at special term, and the plaintiffs secured a judg-
ment of foreclosure of the lien, from which this appeal is taken.   The
work was done and the materials furnished under a contract in which
the terms of payment were fixed.   The complaint alleged that Brug-
gen, the plaintiffs' assignor, sold and delivered to the defendant cer-
tain goods, wares, and merchandise, etc., and performed carpenter
labor, and furnished other building material, of the value and agreed
price of $4,700, which was the price the defendant agreed to pay
therefor.   He further says that the building materials were furnished
in pursuance of a contract made by the defendant.   The contract is
not set out in the complaint, nor is there any allegation of its terms,
or that Bruggen had performed the contract in accordance with
them.   The lien was filed on the 21st of October, 1897.   The plain-
tiffs put in evidence the contract which was made between Bruggen
and the defendant on the 21st of May, 1897.   It provided that Brug-
gen should furnish all the material and should complete and finish
all the carpenter work on the building before the 1st of September,
"agreeably to the architect's drawings and specifications signed by
the parties, and annexed to the contract, within the time aforesaid,
in a good, workmanlike, and substantial manner, to the satisfaction
and under the direction of the said architect, to be testified by a writ-
ing or certificate under the hand of the said architect."   After the
contract had been read in evidence the plaintiffs' assignor, Bruggen,
was asked if he had performed the work; to which an objection was
promptly taken that performance was not alleged in the pleadings.
The objection was overruled, and an exception taken.   Evidence was
offered and received that the certificate provided for in the contract
had been waived by defendant.   The defendant objected to such
evidence on the ground that the complaint alleged neither perform-
ance nor a waiver of the architect's certificate.   On each occasion his
objection was overruled, and the evidence admitted over his excep-
tion.   The court found that the defendant had waived the certificate;
that there was a substantial compliance with the terms of the con-

tract; that the statements contained in the lien, though incorrect, were not intentionally false; and he directed judgment for the relief demanded in the complaint.

It is unnecessary to consider upon this appeal the question of fact whether the building was substantially completed at the time of the filing of the lien, because we think the judgment must be reversed for the plain error committed by the court in receiving evidence of the waiver of the certificate on the part of the defendant. Although the complaint is somewhat loosely drawn, yet it is quite clear that the plaintiff seeks to recover upon the contract. Indeed, if he does not recover upon the contract he cannot recover at all. By the contract it was made a condition precedent before receiving payment that an architect's certificate should be produced, as evidence that the work was done in a good, workmanlike, and substantial manner. It has been held many times that, where there is such a requirement in a contract, it is essential, in an action upon it, to allege in the complaint performance of the conditions, or to set forth facts excusing the nonproduction of the certificate. Weeks v. O'Brien, 141 N. Y. 199, 36 N. E. 185. The objection that the complaint does not contain these allegations may be raised upon the trial when evidence is offered to prove the fact, and if it is raised it is good. This rule has been so closely followed that it has been held in an action to foreclose a mechanic's lien, where the contract provided for the payment of the contract price upon the presentation of the certificate of the engineer, that evidence that the engineer unreasonably refused to give the certificate was inadmissible under an allegation of the complaint that the plaintiff had substantially performed the contract. Smith v. Wetmore, 41 App. Div. 290, 58 N. Y. Supp. 402. The same principle has been held in McEntyre v. Tucker, 36 App. Div. 53, 55 N. Y. Supp. 153; Fox v. Davidson, 36 App. Div. 159, 55 N. Y. Supp. 524; and in the recent case of Conolly v. Hyams (lately decided, but not yet officially reported) 62 N. Y. Supp. 567.

While this rule is not denied by the plaintiffs, and they do not claim that there was any allegation in the complaint under which they were entitled to make proof either that the certificate had been given or that the condition had been waived by the defendant, yet they claim that as in fact they have made the proof, and the court has found that there was a waiver of the certificate, the complaint should either be deemed to have been amended to conform to the facts proved, or should be so amended upon this appeal. It was undoubtedly within the power of the court, in a proper case, to amend the pleading to conform to the facts brought out on the trial (Code Civ. Proc. § 723); but that power is never to be exercised where the facts have been proved over the objection and exception of the party against whom they are offered (Rutty v. Jar Co., 52 Hun, 492, 6 N. Y. Supp. 23; Barnes v. Seligman, 55 Hun, 339, 8 N. Y. Supp. 834). Such an amendment is allowable only where the proof has been admitted without objection, and the attention of the party offering the evidence has not been called to the defect in the pleadings. In the case of Smith v. Wetmore, supra, it was held that the appellate division might presume that the complaint was amended upon the

trial so as to conform to the proof, although the fact seems to have been overlooked that the evidence when offered was objected to, or, what is more probable, it is likely that the objection to the evidence was not put on the ground that the excuse for not giving the certificate had not been pleaded. But it is quite clear in this case that there was no such amendment, and there is no doubt that the objection of the defendant to the admission of the evidence was well taken, and for this reason the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. This conclusion makes it unnecessary to consider the other objections or the correctness of the decision of the court upon the facts. All concur.