(34 Misc. Rep. 21.)

PEOPLE ex rel. LUDDEN v. WINSTON.

(Supreme Court, Special Term, New York County. February, 1901.)

1. HABEAS CORPUS BETWEEN HUSBAND AND WIFE—CUSTODY OF CHILD—NON RESIDENCE AS AFFECTING JURISDICTION.

In a proceeding by habeas corpus by a wife against her husband to obtain the custody of their infant child, the fact that the latter's physical residence is in another state is no bar to relief against respondent, in whose custody the child is, and who is subject to the jurisdiction of the court, and has the power to produce it.

2. SAME.

In a proceeding by a wife against her husband to obtain the custody of their infant child, it appeared that, shortly before, its proper custody had been adjudicated to respondent by the New Jersey court of chancery, and no facts were alleged by relator justifying a conclusion that he had become less fit since to have the child's custody. Besides, it was apparent from relator's petition and her traverse to the return that she continued unlawful relations with one with whom she had contracted a second marriage after a void foreign divorce from respondent, though she had been notified of its invalidity both by the New Jersey decree and the judgment of the court in an unsuccessful action by respondent for divorce on the ground of adultery. Held, that under these circumstances the adjudication of the New Jersey court would not be disregarded, and the writ should be dismissed.

Habeas corpus by the people, on the relation of Lillie Ludden, formerly Lillie Winston, against Walker Winston. Writ dismissed. See 54 N. Y. Supp. 323.

John F. McIntyre, for relator.

John J. Crawford, for respondent.

SCOTT, J. This proceeding is another chapter in a long-continued contest between the relator and the respondent for the custody of their infant child, a girl now between 9 and 10 years of age. It appears that the child is actually resident in the state of New Jersey, but since this court has gained jurisdiction of the father, in whose custody she is, and who has the power to produce her, the mere fact of her physical residence in another state is no bar to the exercise by this court of the power which is invoked by this proceeding. People v. New York Juvenile Asylum (Sup.) 68 N. Y. Supp. 79.

It appears by the return, and is not denied by the traverse, that some time in the year 1900 a writ of habeas corpus was sued out in the court of chancery of the state of New Jersey, in which the present respondent was relator and the present relator was respondent, and which had for its purpose the determination of the custody of the infant; that the writ was served upon the present relator; that she made return thereto, and, the parties thus being before the court, that by an order or decree dated June 8, 1900, the custody of the child was awarded to the respondent here, and he was required to give, and did give, a bond conditioned upon his obedience to all orders which the court might thereafter make with reference to the custody, maintenance, education, and production of the child. To a certain extent, at least, this order of the court of chancery of New Jersey is to be regarded as an adjudication as to the proper custody of the child; and while, of course, such a question must always be determined upon the state of facts existing when the question arises, so that there may be successive adjudications as to the proper custody of the same child, still the solemn decision of a court of the dignity and jurisdiction of the court of chancery of New Jersey should not be lightly disregarded, unless it appears that circumstances have arisen since that adjudication which put a different complexion upon the case, and call for a different disposition of the custody of the infant. People v. Moss, 6 App. Div. 414, 39 N. Y. Supp. 690. No such case is presented here. The relator, it is true, makes general charges of unfitness respecting the respondent. But it appears from the decree of the court of chancery that that question was investigated and passed upon by that court, and I find no fact alleged by the relator justifying the conclusion that the respondent has become less fit since June, 1900, to have the custody of his daughter than he was at that time.

There is another consideration that is not without weight. The relator in 1896 went to the territory of Oklahoma, and there instituted proceedings for a divorce from the respondent. No process was served upon him in that territory, nor did he appear in the action, and he was at the time a resident of this state. The decree of divorce she there obtained has been declared to have been absolutely void and of no effect in this state. After obtaining this void divorce she returned to this state and married one Ludden, with whom she has since lived and cohabited as his wife. The respondent, charging that this cohabitation with Ludden constituted adultery, began an action in the courts of this state for an absolute divorce. It was held that her relations with Ludden were adulterous, but a divorce was refused to the respondent because it appeared that he also had been guilty of a single act of adultery. The court therefore left the parties where it found them. Winston v. Winston, 34 App. Div. 460, 54 N. Y. Supp. 298. As the facts relating to the offense of the respondent occurred and were known to the relator long prior to the habeas corpus proceeding in New Jersey, it is to be assumed that they were taken into consideration by the court of chancery, or, if they were not, it could only have been because the relator failed to call the attention of the court to them. It appears that the relator, although repeatedly advised by the judgments of this court and

by the decree of the court of chancery of New Jersey that her rela-
tions with Ludden were unlawful and meretricious, has persisted in
them to this day, for both in her petition for the writ of habeas cor-
pus and her traverse to the return she signs and describes herself as
Lillie Ludden. Herein the present case is to be distinguished from
Osterhoudt v. Osterhoudt, 48 App. Div. 74, 62 N. Y. Supp. 529, for
in that case one of the reasons given by the majority of the court for
committing the custody of the children to the mother was that it did
not appear that she continued her meretricious relations after it had
been adjudged that her divorce was invalid and her second marriage
consequently unlawful. Upon the undisputed facts, I see no reason
for transferring the custody of the infant to the relator, and the
writ must accordingly be dismissed.

Writ dismissed.