(65 App. Div. 231.)

PEOPLE ex rel. WINSTON v. WINSTON.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

CUSTODY OF CHILD—HABEAS CORPUS.

Articles of separation were signed by parents, giving the custody of their child, a girl of 10 years, to the mother. The latter subsequently obtained a divorce in Oklahoma, and, returning to New York, married; and in an action by the father for divorce, charging adultery in living under such marriage, the Oklahoma divorce was declared invalid. After such decision the mother continued to live with such second husband until affirmance by the court of appeals, when she ceased to cohabit with him. She contracted such marriage believing her divorce was valid. The mother was able to support and educate the child, and the latter desired to remain with her. The father, morally, was no better than the mother. *Held* that, as the interests of the child will be best conserved by remaining with her mother, a decree so awarding her custody, with permission to the father to see her weekly, will not be disturbed.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Habeas corpus on relation of Lillian Winston against Walker Winston for the custody of their child. From an order awarding such custody to petitioner after a hearing on the return to the writ, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

John J. Crawford, for appellant.
Eugene Sweeney, for respondent.

LAUGHLIN, J. The petitioner and appellant are husband and wife. Lillian is their child, and is now about 10 years of age. The parents separated on the 5th day of June, 1895, and on that day signed articles of separation with trustees, in and by which the custody of the child was given to the mother, and an allowance of $25 per week made by the husband for the support and maintenance of the mother and child, and for the education of the latter. The petitioner thereafter obtained a divorce against appellant in Oklahoma; but he having failed to appear, and personal service not being made upon him within that territory, although there is evidence to show that his wife went there at his suggestion, and he agreed to appear in the action, it was subsequently, in an action in this state by appellant against respondent for a divorce, declared void. 34 App. Div. 460, 54 N. Y. Supp. 298; 165 N. Y. 553, 59 N. E. 273. After obtaining her divorce the petitioner came back to this state and married Dr. James M. Ludden, and the adultery with which she was charged in the action brought by her husband was in living with Dr. Ludden under this marriage. In that action she counterclaimed for a divorce against her husband. The referee and court found the husband guilty of adultery, but, the petitioner's divorce being void, she also in the eye of the law was guilty of adultery, and the complaint was dismissed without any direction concerning the custody

of the child. After the decision by the trial court in the divorce case in this state, the mother still having the custody of the child, the father petitioned the court of chancery of New Jersey for a writ of habeas corpus to obtain the child. The mother and child were in New Jersey, and she produced the child in that proceeding, but departed from that state with the little girl before the court made its decision. The order of that court recited that the wife continued to live with Dr. Ludden after the decree of our supreme court declaring the divorce void, and adjudged her to be an improper person to have the care and custody of the child, and determined that the father was a fit and proper person, and awarded her custody to him. During the pendency of that habeas corpus proceeding a similar proceeding, also instituted by the father, was pending here. It is claimed on the part of the appellant that his wife was guilty of contempt of court in the last-mentioned proceeding, but this is denied by her; and, as no final order awarding the custody of the child was made, it is not very material to the question now under consideration. Even though the mother may have been technically guilty of a contempt of court, if it be for the child's interest that the mother have her custody the child should not suffer on account of such contempt on the part of her mother. Appellant subsequently, without the knowledge or consent of the petitioner, obtained possession of the child; and thereafter, and before the decision of the court of appeals in the divorce action, she instituted a habeas corpus proceeding here to recover the child. The order made in that proceeding merely dismissed the writ, and it was affirmed by this court without opinion. At that time it appeared that she had continued to live with Dr. Ludden as his wife, notwithstanding the decision of the supreme court and appellate division that her Oklahoma divorce was invalid, and it did not appear that there had been any change in her relations with Dr. Ludden since the decree of the New Jersey court of chancery. People v. Winston, 34 Misc. Rep. 21, 69 N. Y. Supp. 452. On the hearing which resulted in the order appealed from the learned justice had all the parties before him, and they were examined and cross-examined in his presence; and he also had an opportunity to consult the child, which it would appear he did. In his opinion, written on granting the order, he says, "Moreover, the child, who has spent all her life, excepting a few months, with her mother, begs not to be separated from the relator." It now appears that, upon the affirmance by the court of appeals of the decision declaring her Oklahoma divorce invalid, the petitioner ceased to cohabit with Dr. Ludden. They were then living in her mother's house. She at first took a separate room there, and subsequently took a lease of a boarding house, to which she removed her effects. She has since resided there, and is conducting a boarding house for a living. It is claimed on the part of the appellant that the petitioner is still on intimate relations with Dr. Ludden, and evidence tending to show that fact was given; but this was positively denied both by him and her, and their testimony, apparently, was convincing upon the learned justice who presided, for he says in his opinion:

"Considering the sex and youth of the child, it would be manifestly unwise to deprive her of a mother's care and influence. Her welfare is the paramount consideration, and I am persuaded that her future will be best served and her interests best protected by leaving her to the custody of her mother, who is a good woman and a proper person to care for her offspring."

With these views we concur. She, having now discontinued her relations with Dr. Ludden, although still remaining on friendly terms, should not be deprived of the custody of the child merely because she did not promptly discontinue such relations when the trial court first decided that her divorce was invalid. It is apparent that she acted in good faith, and contracted her marriage with Dr. Ludden in the belief that her divorce was valid. Thus innocently having entered upon marital relations with him, she should not forever be condemned because of a mistake made in regarding him as her husband until the court of appeals decided otherwise. In Osterhoudt v. Osterhoudt, 48 App. Div. 74, 62 N. Y. Supp. 529, the husband obtained a divorce on account of the adultery of the wife in cohabiting with one whom she had married after obtaining a divorce in South Dakota, which was invalid for the same reasons that rendered the petitioner's divorce invalid. It appeared that the wife had discontinued her relations with the husband under the second marriage after it had been adjudged that her divorce was invalid, although it appeared that she continued such relations until the time of the trial. In that case there was no claim made that the husband was an improper person to have the care or custody of his children, while in the case at bar considerable evidence was introduced tending to show that from a moral standpoint he was, to say the least, no better than his wife. It further appears that the petitioner is able at present to support and educate her child, and she has such confidence in her ability to continue to do so that she is ready and willing to give a bond to that effect. Provision has been made for appellant to see his child weekly. If in the future the petitioner be not able to properly support and care for the child, or if she should resume intimate relations with Dr. Ludden, the matter may then be brought to the attention of the court, when such order may be made as the interests of the child may require; but for the present this long chapter of domestic strife and litigation should be closed.

The order appealed from should be affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J. I dissent. The relations between the relator and Dr. Ludden are shown to be still of the most friendly and intimate character, and I do not think that the appellant should be required to surrender his child to such an association.