### REILLY v. VOUGHT et al.

(Supreme Court, Appellate Term. March 24, 1904.)

1. NEGLIGENCE—DEFECTIVE PREMISES—VARIANCE.
   Where plaintiff alleged that at the time he was struck by a falling brick he was in front of the premises in question, and the negligence alleged was defendant's failure to guard the premises so as to avoid injury to plaintiff and others lawfully in front of the premises, plaintiff's proof that, as one of the shorers in the employ of a contractor, he was at work in the rear of the building, and that at the time he was struck he was in the cellar in the center of the building, constituted a fatal variance.

2. SAME—RIGHT TO AMEND.
   Where evidence constituting a fatal variance was seasonably objected to, the denial of plaintiff's motion to amend the complaint was not error.

3. COMPLAINT—DISMISSAL.
    Where there is a fatal variance between the complaint and evidence offered and objected to, and plaintiff declines the court's offer of leave to withdraw a juror, the complaint is properly dismissed.

Appeal from City Court of New York, Trial Term.

Action by James M. Reilly against Henry H. Vought and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Joseph Fischer, for appellant.
Robert L. Redfield, for respondents.

FREEDMAN, P. J. The complaint alleged that the plaintiff at the time he was struck by a falling brick was in front of the premises in question; and the breach of duty alleged against the defendants was their failure to guard the premises so as to avoid injury to the plaintiff and others who were lawfully in front of said premises. The plaintiff showed that as one of the shorers in the employ of a contractor named Goodman he was at work in the rear of the building, and that at the time he was struck he was in the cellar in the center of the building. This proof was seasonably objected to, and constituted a fatal variance, and it was not error on the part of the trial judge to deny plaintiff's motion for an amendment of the complaint. Rutty v. Consolidated Fruit, etc., Co., 52 Hun, 492, 6 N. Y. Supp. 23; Barnes v. Seligman, 55 Hun, 339, 8 N. Y. Supp. 834; Rowe v. Gerry, 86 App. Div. 349, 83 N. Y. Supp. 740. Such an amendment is allowable only where the proof has been admitted without objection, and the attention of the party offering the evidence has not been called to the defect in the pleading. Bossert v. Poerschke, 51 App. Div. 381, 64 N. Y. Supp. 733. The dismissal of the complaint for the said variance was proper, especially as the plaintiff would not avail himself of the offer of the court to allow a juror to be withdrawn on terms. Moreover, there is not sufficient competent evidence in the case that the brick which fell from one of the upper floors of the premises in question and struck the plaintiff fell in consequence of any negligence on the part of an employé of the defendants, who had the contract for the mason work.

The judgment must be affirmed, with costs. All concur.