(53 Misc. Rep. 560)

## BJORKEGREN v. KIRK.

(Supreme Court, Appellate Term.    April 10, 1907.)

1. TRIAL—RECEPTION OF EVIDENCE—OBJECTIONS.

In an action to recover a balance on a building contract, defendant moved at the trial to dismiss the complaint because it did not allege that the architect's certificate was unreasonably withheld or refused; the motion being overruled because there was nothing to show that such certificate was required.    Subsequently plaintiff introduced in evidence the contract, which showed that a certificate was required; but, after testimony pointing to an endeavor on the part of plaintiff to offer evidence tending to show a refusal of the certificate, defendant again objected, and took an exception to the overruling of the objection.    Held, that the objection of defendant was seasonably made, and it could not be said that testimony given thereafter, showing that the certificate was demanded and refused, was admitted without objection.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 183–190.]

2. PLEADING—AMENDMENT—CONFORMING PLEADING TO PROOF.

A motion, after the close of the evidence, to conform the pleadings to the proof, cannot be made, where the admission of the evidence was objected to on the ground that it did not support the allegations of the complaint.

3. TRIAL—OBJECTIONS—EVIDENCE—WAIVER.

Where, in an action to recover a balance alleged to be due on a building contract, the complaint failed to allege that the architect's certificate was unreasonably withheld, and the contract showed that it was required, and defendant objected to the introduction of evidence to show that it was demanded and refused, which objection was overruled, defendant did not waive his objection by failing to move for a dismissal at the close of the whole case.

Appeal from City Court of New York, Trial Term.

Action by Charles Bjorkegren against Leonard G. Kirk.    From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.    Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

William Steele Grey (James E. Duross, of counsel), for appellant. J. Homer Hildreth (George H. Taylor, Jr., of counsel), for respondent.

ERLANGER, J.    This action was brought to recover a balance alleged to be due the plaintiff on a building contract, for extra work done on the building and for the services of a watchman.    The contract was made between the plaintiff and one Stone, acting for the owner, the defendant herein.    The contract was not made a part of the complaint, and there was nothing alleged therein from which it could be said that the contract provided for the production of an architect's certificate as a prerequisite to the plaintiff's right to receive payments due under the contract, nor did the complaint allege that such a certificate had been obtained or had been unreasonably refused.    It did allege:

"That the plaintiff duly completed the job mentioned in said contract in accordance therewith, and thereby became entitled to the full compensation or contract price mentioned therein."

At the opening of the trial the defendant's. attorney moved to dismiss the complaint, upon the ground that the complaint did not allege that the architect's certificate was unreasonably withheld or refused. This motion was denied, and an exception taken.  In the then state of the case this ruling was undoubtedly correct, as there was nothing in the case to show that such certificate was required.  The plaintiff, soon after the taking of testimony was begun, introduced the contract in evidence.  It then appeared that the contract contained a clause providing that the work should· be done under the direction and to the satisfaction of the owner and architect, and "all payments shall be made upon written certificate of the architect to the effect that such payments are due."  The respondent's attorney admits in his brief that, in order to recover:

"The plaintiff would be obliged to show, either that he had an architect's certificate for the last payment, or that there was a wrongful withholding and refusal of such certificate by the architect."

Evidence of the refusal of the architect to give such certificate was given, and the appellant claims that a proper and timely objection was made to the introduction of such evidence, while the respondent urges that no objection was made thereto by the defendant; and this is the pivotal point upon which the decision herein must turn.  The plaintiff testified without objection as follows:

"Mr. Gillam, the architect, said: 'Everything seems to be all right.  You seem to have done everything that is to be done.'  I asked him for a certificate."

The defendant's counsel then said.

"I object to this.  The plaintiff has not laid a foundation for this in his pleadings.  (Objection overruled.  Exception taken.)"

Without further objection the plaintiff then testified that the certificate was refused him by the architect; the architect stating that "he could not give it, without Mr. Kirk said so."  The plaintiff also submitted evidence from which the jury subsequently found that he had substantially performed the work under the contract.

We are of the opinion that such objection was well taken, and that testimony offered thereafter by the plaintiff in an attempt to prove a fact essential to his recovery, and which should have been set forth in his' pleadings, was error that requires a reversal.  It has been repeatedly held that, an objection having been once taken and overruled and exception taken thereto, it was not necessary to repeat the objection and exception to the same class of evidence when subsequently offered.  The objection and exception already taken applies thereto, and the omission to repeat them is not a waiver.  Dilleber v. Home Life Ins. Co., 69 N. Y. 256, 25 Am. Rep. 182;  Church v. Howard, 79 N. Y. 415;  Carlson v. Winterson, 147 N. Y. 652, 42 N. E. 347; Lyons v. N. Y. El. R. Co., 26 App. Div. 59, 49 N. Y. Supp. 610.  At the outset of the trial the plaintiff had warning, by motion to dismiss, that his pleading was defective if he intended to rely upon an unreasonable refusal of the architect to give the requisite certificate.  Immediately after testimony, pointing to an endeavor on the part of the plaintiff to offer such incompetent evidence, had been given, the de-

fendant again interposed an objection, which was overruled, and an exception thereto taken, in which objection the plaintiff's attention was specially called to the fact that testimony of the kind offered was not within his pleading. The plaintiff was, therefore, fully informed of the position taken by the defendant, and of the defective condition of his complaint and the incompetent character of the evidence sought to be adduced thereunder. He made no motion, however, to amend. We think, therefore, that the objection of the defendant was seasonably and timely made, and that it cannot be said that the testimony given thereafter, showing that the architect's certificate was demanded and unreasonably refused, was admitted without objection.

It is urged that the pleadings may be made to conform to the proof upon this appeal, and the judgment sustained; and we are cited to the case of Smith v. Wetmore, 41 App. Div. 290–292, 58 N. Y. Supp. 402, where such a course was taken under similar circumstances. The Court of Appeals, in considering that case (167 N. Y. 234, 60 N. E. 419), did not pass directly upon the right of the lower court to permit such an amendment to be made upon appeal, but put their affirmance upon another ground. It has often been held that a motion, made after the close of the evidence, to conform the pleadings to the proof, cannot be granted, where the admission of the evidence is objected to on the ground that it did not support the allegations of the complaint. Charlton v. Rose, 24 App. Div. 485, 48 N. Y. Supp. 1073; Bossert v. Poerschke, 51 App. Div. 381, 64 N. Y. Supp. 733. In this last case it was said, citing Rutty v. Consolidated Fruit Jar Co., 52 Hun, 492, 6 N. Y. Supp. 23, and Barnes v. Seligman, 55 Hun, 339, 8 N. Y. Supp. 834, that the power to thus amend is never to be exercised where the facts have been proven over the objection and exception of the party against whom they are offered; that such an amendment is allowable only where the proof has been admitted without objection and the attention of the party offering the evidence has not been called to the defect in the pleading. The case of Smith v. Wetmore, supra, was referred to, and it was said that in that case the "fact seems to have been overlooked that the evidence, when offered, was objected to, or, what is more probable, it is likely that the objection to the evidence was not put upon the ground that the excuse for not giving the certificate had not been pleaded." See, also, Romeyn v. Sickles, 108 N. Y. 650, 15 N. E. 698.

It is also urged that the defendant's failure to move for a dismissal at the close of the whole case precludes him from now asserting that the facts proven do not sustain the verdict. There can be no doubt that by a failure to make such a motion a defendant concedes that there is a question of fact for the jury; but he does not thereby admit more than that upon the admitted testimony there is such a question, and does not thereby waive his right to maintain that such evidence was incompetent and inadmissible, when he has saved his right to thus criticise the admission of such testimony by timely and proper objection. There must be a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.