(55 Misc. Rep. 485.)

#### BJORKEGREN v. KIRK.

(Supreme Court, Appellate Term. November 29, 1907.)

CONTRACTS—BUILDING CONTRACTS—ARCHITECT'S CERTIFICATE.

In an action for services of a watchman and for extra work performed in connection with a building contract with provided that payments thereunder should only be made upon the architect's written certificates that payment was due, where the contract is introduced, but the architect's certificates are not produced, evidence as to the extra work and its value is incompetent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1308–1317.]

Appeal from City Court of New York, Special Term.

Action by Charles Bjorkegren against Leonard G. Kirk. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

See 103 N. Y. Supp. 994.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Wm. Steele Gray (James E. Duross, of counsel), for appellant.

J. Homer Hildreth (George H. Taylor, Jr., of counsel), for respondent.

ERLANGER, J. Plaintiff, claiming that there is due to him certain moneys on a building contract, sues to recover the same. Three

causes of action are set up in the complaint. The first is on a written order, the second for extra work, and the third for the services of a watchman. Full performance of the contract is alleged in accordance with its terms. The contract provides, inter alia, "that all payments shall be made upon written certificates of the architects to the effect that such payments have become due." Upon the trial the plaintiff abandoned his first cause of action and limited his recovery to the two other counts.

In order to succeed it was necessary for him to introduce in evidence the building contract referred to, and upon this having been done he was permitted to prove certain alleged extra work and the value thereof, irrespective of the architect's certificates and in despite of the objections of counsel for defendant that such evidence was incompetent. Motions were made to strike out the evidence, which were overruled, and exceptions noted. We think the exceptions present reversible error. The mere fact that the first cause of action was not proceeded with cannot aid the plaintiff. The second count recites that the extra work was performed and materials furnished "in connection with carrying out and the completion of the aforesaid contract," and the third also alleges that the defendant is indebted for moneys expended for the services of a watchman "at the premises and building named in the aforesaid contract." All the causes are so closely interwoven one with the other as to make the certificates of the architect in the present state of the complaint indispensable to the right of recovery, and, the plaintiff having failed to produce the same, the evidence should have been excluded. The same questions were passed upon by this court on the former appeal. Bjorkegren v. Kirk, 53 Misc. Rep. 560, 103 N. Y. Supp. 994.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

