Present: GILDERSLEEVE, LEVENTRITT and ERLANGER, JJ.

Judgment reversed and new trial ordered, with costs to appellant to abide event.

---

CHARLES BJORKEGREN, Respondent, *v.* LEONARD K. KIRK, Appellant.

(Supreme Court, Appellate Term, November, 1907.)

Building and construction contracts: Submission of question of performance to third persons — Engineer's or architect's certificate as condition precedent; Extra work — Necessity of architect's certificate.

Where the plaintiff sets up in his complaint three causes of action, the first on a building contract, the second for extra work and materials in connection with carrying out and completing the contract and the third for the services of a watchman at the

premises mentioned in the contract and alleges performance of the contract; and where the contract provides that all payments shall be made upon written certificates of the architect, the plaintiff cannot waive the first cause of action and recover on the second and third without regard to any architect's certificates.

APPEAL by the defendant from a judgment of the City Court of the city of New York, entered in favor of the plaintiff by direction of the court, and from an order denying defendant's motion for a new trial.

Wm. Steele Gray (James E. Duross, of counsel), for appellant.

J. Homer Hildreth (George H. Taylor, Jr., of counsel), for respondent.

ERLANGER, J. Plaintiff claiming that there is due to him certain moneys on a building contract sues to recover the same. Three causes of action are set up in the complaint. The first is on a written order, the second for extra work, and the third for the services of a watchman. Full performance of the contract is alleged in accordance with its terms. The contract provides, *inter alia*, " that all payments shall be made upon written certificates of the architect to the effect that such payments have become due." Upon the trial the plaintiff abandoned his first cause of action and limited his recovery to the two other counts. In order to succeed it was necessary for him to introduce in evidence the building contract referred to; and, upon this having been done, he was permitted to prove certain alleged extra work and the value thereof, irrespective of the architect's certificates and in despite of the objections of counsel for defendant that such evidence was incompetent. Motions were made to strike out the evidence which were overruled and exceptions noted. We think the exceptions present reversible error. The mere fact that the first cause of action was not proceeded with cannot aid the plaintiff. The second count recites that the extra work was performed and materials furnished " in connection with carrying out and the completion of the afore-

said contract," and the third also alleges that the defendant is indebted for moneys expended for the services of a watchman " at the premises and building named in the aforesaid contract." All the causes are so closely interwoven, one with the other, as to make the certificates of the architect in the present state of the complaint indispensable to the right of recovery; and, the plaintiff having failed to produce the same, the evidence should have been excluded. The same questions were passed upon by this court on the former appeal. Bjorkegren v. Kirk, 53 Misc. Rep. 560.

The judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE and LEVENTRITT, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.