### HENDRICKSON v. CALLAN.

(Supreme Court, Appellate Division, Third Department. November 15, 1911.)

CORPORATIONS (§ 472*)—SUBSCRIPTIONS FOR CORPORATE BONDS—CONTRACTS.

Under a contract, which recites that, in consideration of a party thereto subscribing for corporate bonds, the adverse party agrees to purchase a part thereof within one year from a designated date, the subscription by the party creates a legal liability against him, and the obligation of the adverse party to take the part of the bonds continues after the expiration of the year, and a tender of the bonds within the year is not a condition precedent to the right of the party to recover, and he need only show that he tendered the bonds to the adverse party before the commencement of the action.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1837–1841; Dec. Dig. § 472.*]

Appeal from Trial Term, Albany County.

Action by Howard Hendrickson against Peter J. Callan. From a judgment (70 Misc. Rep. 342, 128 N. Y. Supp. 980) for defendant, entered on a decision of the court after both parties requested a directed verdict, plaintiff appeals. Reversed, and new trial granted.

The action was brought to recover the sum of $1,500 claimed to be payable on an agreement of which the following is a copy:

"In consideration of Howard Hendrickson subscribing for three thousand dollars of bonds of the Hygienic Ice & Refrigerating Company, of Albany, N. Y., I agree to purchase fifteen hundred dollars of such subscription from him within one year from January 1, 1909. Such bonds so purchased shall carry with it such capital stock as may accompany such bonds.

"Dated, Dec. 24, 1908.　　　　　　　　　　　　P. J. Callan.
　　　　　　　　　　　　　　　　　　　　　　"Howard Hendrickson."

The court found that the defendant requested the plaintiff to subscribe for a portion of the bonds; that the defendant entered into the agreement in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

order to induce the plaintiff to increase his subscription to $3,000; that immediately after its execution, and relying thereupon, the plaintiff subscribed said syndicate agreement and thereby agreed to take $3,000 par value of said bonds; that during the year 1909 the plaintiff was compelled to and did pay by reason of his subscription $3,000 for said bonds and received $3,000 par value of bonds and $3,000 par value of stock of said company. The court also found "that the only tender made by plaintiff to defendant of said bonds and stock, or any portion thereof, was made on January 3, 1910," and "that defendant refused to accept said bonds and stock so tendered to him by plaintiff on January 3, 1910, on the ground that such tender was not made within one year from January 1, 1909."

Argued before SMITH, P. J., and KELLOGG, SEWELL, BETTS, and HOUGHTON, JJ.

A. Page Smith, for appellant.
Neile F. Towner, for respondent.

SEWELL, J. It is not claimed that the agreement in question is void for want of mutuality, for fraud, mistake, or want of consideration, and it is undisputed that the defendant actually received the consideration for his promise at the time of making it. The only defense relied upon by the defendant, to escape from the plain obligation assumed by him under the agreement, is that no tender was made by the plaintiff of the bonds and stock within one year from January 1, 1909. It is quite obvious, we think, that the cases cited by the defendant in support of this contention are distinguishable from this case. They are cases in which the promises were mutual and concurrent, where two parties agreed to do each a certain thing on the same day, and the thing to be done by one was the consideration for that which was to be done by the other, and the court held that, because concurrent action was required, neither party could sue at law until he had put the other in default by a tender of performance on his part before the expiration of the contract. Rutty v. Consolidated F. J. Co., 52 Hun, 492, 6 N. Y. Supp. 23; Taylor v. Blair, 59 Hun, 347, 13 N. Y. Supp. 154; Lester v. Jewett, 11 N. Y. 453; Page v. Shainwald, 169 N. Y. 246, 62 N. E. 356, 57 L. R. A. 173.

The contract in the present case did not require contemporaneous performance. The promise of the defendant was in consideration of an act done by the plaintiff at the time of making the promise and in return therefor. There was no provision for simultaneous acts or for the delivery of the bonds and stock on a particular day. The subscription, by the plaintiff, which created a legal liability on his part to pay for the bonds so to be taken, was all that he was bound to do under the agreement. There was then left only the outstanding liability of defendant, which is to be construed as an express promise to take the bonds and stock and to pay for them within the time mentioned.

Under such circumstances it is clear that the obligation continued after the expiration of the year; that an offer or tender of the bonds and stocks, within the year, was not a condition precedent, according to the terms of the agreement upon which the right of the plaintiff to recover depends; and that it was enough to show that he put the de-

fendant in default, by tendering to him the bonds and stock before the commencement of the action.

We are of the opinion, therefore, that the judgment must be reversed, and a new trial granted, with costs to appellant to abide event. All concur.