### GLASSCOCK v. LOTUS THEATRE CO.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

PLEADING (§ 237*)—AMENDMENT—CONFORMITY TO PROOF—ERROR IN ADMISSION OF EVIDENCE.

Where a case has been tried on the issues raised by the pleadings, and exceptions taken to the improper admission of evidence under such pleadings, the error cannot be cured by a subsequent motion to amend to conform the pleadings to the evidence so improperly admitted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 603–619; Dec. Dig. § 237.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by William D. Glasscock, professionally known as William Leon, against the Lotus Theatre Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Bevins & Fluegelman, of New York City (M. Spencer Bevins, of New York City, of counsel), for appellant.
Dennis F. O'Brien and M. L. Malevinsky, both of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GUY, J. This is an appeal from a judgment in favor of plaintiff in an action brought to recover for work, labor, and services. At the trial testimony was admitted, over the objection and exception of defendant, which was not relevant to any of the issues raised by the pleadings. Subsequently, on motion of plaintiff's counsel, and over the objection and exception of defendant's counsel, plaintiff was permitted to amend his complaint so as to conform same to the evidence, to the admission of which defendant had so objected and excepted. This was in violation of the well-established rule that, where a case has been tried upon the issues raised by the pleadings and exceptions taken to the improper admission of evidence under the pleadings, the error cannot be cured by a subsequent motion to amend the pleadings to conform to the evidence so improperly admitted. See Bjorkegren v. Kirk, 53 Misc. Rep. 560, 103 N. Y. Supp. 994.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.