(58 App. Div. 133.)

PEOPLE ex rel. DUNLAP v. NEW YORK JUVENILE ASYLUM.

(Supreme Court, Appellate Division, First Department. February 15, 1901.)

1. HABEAS CORPUS—DELIVERY OF CHILD—DENIAL OF CUSTODY—EVIDENCE—NECESSITY.

Where a child, surrendered by its mother to the care of a juvenile asylum for the period of two years, was indentured to a person in another state by the asylum, on application of the mother, long after the expiration of the two years, for habeas corpus to compel the asylum to deliver the child to her, the return stated that the defendant did not have the custody and control of the child, which the traverse denied, it was error for the court to order the defendant to restore the child without proof being given on the question whether the defendant had such control or custody.

2. SAME—RIGHT OF MOTHER—ABILITY TO SUPPORT—PROOF—NECESSITY.

Where a mother surrendered her daughter, about 11 years old, to the care of a juvenile asylum, for a period of 2 years, because of her destitution and inability to support the child, who was indentured by the asylum to a resident of another state, on the application of the mother for habeas corpus to compel the asylum to restore the child, who was 16 years old, it was error to grant the writ without proof as to whether the father was living or dead, and that the mother was able to properly provide for the child, since the custody of the child does not belong to her solely because of her legal right, but whether it will be given her rests in the discretion of the court on the facts made to appear.

Hatch and O'Brien, JJ., dissenting.

Appeal from special term, New York county.

Application for habeas corpus to restore her child, on the relation of Ellen Dunlap, against the New York Juvenile Asylum. From an order granting the writ, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Robert Goeller, for appellant.
Michael J. Scanlan, for respondent.

RUMSEY, J. The question is whether the mother of Nellie Dunlap, a child of about 16 years of age, was entitled to its custody. The facts are that in the month of August, 1894, and when the little girl

was about 11 years old, she was surrendered to the care of the New York Juvenile Asylum for a period of 2 years, which period has long since expired. The surrender of the child by Mrs. Dunlap to the defendant was made because of her destitution and inability to support her. On the 22d of April, 1896, the child was indentured to one Frederick Bauman, of Mt. Pulaski, Logan county, Ill. The mother alleges that before suing out the writ she demanded the return of the child, which was refused. The defendant's return, after setting out the fact of the indenture and that the child was in Illinois, stated, further, that she was not willing to return to her mother, and that neither the defendant nor any of its officers had the custody or control of Nellie Dunlap at the time of the service of the writ or since that time. In the traverse that fact was denied. No proof was given on that point. In the case of People ex rel. Billotti against this defendant, just decided by this court (68 N. Y. Supp. 279), it was established that, although the person who is restrained of his liberty is without the state, an order requiring his production may nevertheless be made if the defendant took that person out of the state in violation of the rights of the one primarily entitled to its custody, unless it appears that the defendant has not the control or custody of the person, and is not able to deliver him. It will be seen that the fact whether the defendant had the control or custody of the child was put in issue by the pleadings. In a case where habeas corpus is brought to relieve one from imprisonment, the statute provides that where material allegations of the return are denied, or any allegations of fact are made showing either that the imprisonment or detention is unlawful, or that the prisoner is entitled to his discharge, the court must proceed in a summary way to take proof and dispose of the matter as justice may require. Code Civ. Proc. § 2039. By analogy to the rule there laid down, where a writ of habeas corpus is sued out to establish the right to the custody of a child, we think it was the duty of the court, upon an issue raised as to a fact necessary to entitle the relator to relief, to require proof to enable the court to determine it. No proof was given on the question whether the defendant had the control or custody of the child, and for that reason we think that it was erroneous to make the order requiring its production and delivery to its mother.

There is also another matter which we think the court should have considered before making this final order. Undoubtedly, if the father of this girl is not living, the mother is prima facie entitled to her custody, unless she is not a proper person to have it, and, except for very good reasons, the court would not refuse to award the custody to her. But, after all, the question in this case does not depend upon the absolute legal right of the parent to the custody of the child, but the important thing to be determined in any such case is the interest of the child itself. If it appears that the mother, either because of her poverty or for any other good reason, is not a proper person to be intrusted with the custody of the young person, the courts will refuse it. It does not appear in this case whether the father of the child is living or not. It does appear, however, that the mother was

in 1894 in such destitute circumstances that she gave up the control of the child because she was not able to care for or support it. Before the court should deliver the child, it is its duty to ascertain whether the mother is the one entitled to its custody, and, if so, whether her circumstances are so changed that she is in a condition to support and sustain her child. The custody of the child is not to be returned to her solely because of her legal right, to the end that she may have the benefit of its labor and be supported by it, but whether the court will deliver the child is a matter within its sound discretion upon the facts made to appear. In this view, also, we think that it was error for the court, without proof as to the ability of the mother to properly provide for the child, to award her custody to the mother, and the order must be reversed, and the case sent back to the special term for another hearing, upon that hearing to take such testimony as may be proper.

VAN BRUNT, P. J., and INGRAHAM, J., concur.

HATCH, J. (dissenting). The child having been placed in the hands of the asylum for a limited period of time, it must be assumed to have its legal custody and control. Besides, the evidence upon which the order directing the production of the child was based tended to establish that the authorities of the defendant still exercised control over the person of the child, and could obey the writ. In this respect the case differs from that of People ex rel. Billotti against this defendant (not yet officially reported) 68 N. Y. Supp. 279; for therein it appeared that not only were the children without the jurisdiction of the state, but that the persons having their custody refused to deliver them up, and for that reason it was concluded that the asylum authorities could not obey the writ. In disposing of the question in that case, it was said that if it appeared that the party may have the control of the person, or is able to obey the command of the court to produce it, the writ ought to issue; that the writ ought not to be vacated until the authorities, for an answer thereto, show that they are unable to produce the children. It is not a question as to what final disposition the court will make of the child, or whether it will direct it to be delivered to the custody of the relator. The question is whether the court ought to compel the authorities of the defendant to produce the child in court for the purpose of determining to whom it will award its custody. Presumptively, the mother is entitled thereto; and this is sufficient to require the defendant to produce the child, or show that it has not the physical ability so to do. Such latter fact does not yet appear. I think the order appealed from should be affirmed.

O'BRIEN, J., concurs.