Owen McGivern, J.
This is a special proceeding to compel the return of an infant to this State and for restoration of custody of the infant to petitioner, her father. As authorized by the order to show cause herein, service was made on respondent, the infant’s mother, in Australia where both mother and child now live.
*223 The petition alleges that petitioner, respondent and the child are all domiciled in New York. Respondent mother has appeared specially to challenge the jurisdiction of this court over her person and over the subject matter of the proceeding. In their brief, her attorneys concede for present purposes that respondent’s domicile and that of the infant are in New York.
Section 235 of the Civil Practice Act provides that ‘ ‘ a defendant domiciled in this state, may be served with the summons without an order, without the state in the same manner as if such service were made within the state ’ ’. Respondent argues that this provision applies only to an action, instituted by summons, and not to a special proceeding instituted by petition and order to show cause.
Rule 21 of the Rules of Civil Practice provides that “ The provisions of the statutes and rules relating to the mode of personal service of a summons shall apply to the service of any process or other paper whereby a proceeding is begun in a court, or before an officer, except a proceeding to punish for contempt, unless other special provision for the service thereof is made by law or rule No special provision is made by law or rule for the manner of service of process in a proceeding, such as the instant one, involving the jurisdiction of the court as parens patrice to determine the custody of an infant (Finlay v. Finlay, 240 N. Y. 429 [1925]).
Section 235 of the Civil Practice Act was cast in its present form, authorizing service without the State on a domiciliary in any type of action upon the recommendation of the Judicial Council and in order to give full effect to the decision in Milliken v. Meyer (311 U. S. 457 [1940]), holding such service constitutionally valid. (See Fifteenth Annual Report of N. Y. Judicial Council, 1949, pp. 61-63.) At page 62 of such report it is stated that the recommended amendment of section 235 (which was adopted by L. 1949, ch. 185) would “ permit service without the State without an order to be made on a person domiciled in the State for any type of relief demanded of such domiciliary ”.
To hold that section 235 applies only to actions and not to proceedings would perpetuate a distinction of no substantive importance and would ignore both rule 21 and the legislative intent in amending section 235. Accordingly, in the light of respondent’s concession that she is domiciled in New York, it must perforce be held that this court has jurisdiction of her person in this proceeding.
It is further held that this court has jurisdiction of the subject matter of this proceeding despite the physical absence of the *224 infant from this State, since the respondent has also conceded for the purposes of this motion that the infant is domiciled in New York. As was said in May v. May (233 App. Div. 519, 520 [1st Dept., 1931]): “It is true that where both parties are before the court, custody of a child or children without the jurisdiction may be made. That, however, may be done merely because the parties are personally before the court, which, by virtue of its control over such persons, may enforce its commands with respect to each. (People ex rel. Ludden v. Winston, 34 Misc. 21, affd. 61 App. Div. 614; People ex rel. Billotti v. New York Asylum, 57 id. .383; People ex rel. Dunlap v. New York Asylum, 58 id. 133).” Accordingly, respondent’s special appearance is overruled. Treating such special appearance as a motion under section 237-a of the Civil Practice Act and in accordance with subdivision 5 of such section, respondent may serve an answer within 10 days after service of a copy of this order with notice of entry thereof. Permission is granted respondent, pursuant to section 237-a (subd. 3, par. c) of the Civil Practice Act to plead in her answer facts as to her domicile, if she be so advised.