Edgar J. Nathan, Jr., J.
Respondent appearing specially moves to set aside a writ of habeas corpus on the ground that this court does not have jurisdiction over the child — the subject matter of this writ — or over respondent. This motion is denied, and the matter will be heard on the merits.
Upon the stipulated facts, the question is presented whether this court has jurisdiction to modify the custodial provisions of a foreign divorce decree when both the father and mother of the child are physically within this jurisdiction, but the child is not.
The parties were married in 1954 in California and subsequently moved to New York, where they resided when the child was born. In 1956, respondent moved to California with the child and divorce proceedings were there instituted culminating, *12 in 1959, in a final decree which gave custody of the child to the mother. In 1961, respondent returned to New York (purportedly temporarily) and lived in various places, and worked at various jobs until, in 1963, she remarried. Her second husband is a New York resident, who has always resided here. However, respondent contends, she and her second husband intend to move to California, upon his completion of studies here. The child has always remained in California with his maternal grandparents, save for at least one short temporary visit to New York.
The question presently before the court is not whether the custody provisions of the foreign divorce decree should be modified. That question will be determined only if it is found that this court has jurisdiction to do so, and after a full hearing.
While there are many cases touching upon the problem herein presented, none is conclusive. There is dictum to support the contentions of both parties. The status of the decisional law does not appear to have changed significantly since 1950 when in Matter of Forbell (198 Misc. 753, 763) the court stated that “A careful search does not show any New York case holding that after a foreign decree gives the child to one parent, the other residing in this State, may try here the question of custody when the child is not in this State; that may be because it is axiomatic that it cannot be done so no one has attempted it.” Nor has any case been found holding that the absence of the child alone defeats jurisdiction if the parent having control of the child is subject to the jurisdiction of the court. In fact, one recent case indicates that jurisdiction exists in such circumstances (Matter of Kades v. Kades, 23 Misc 2d 222, 223-224, affd. without opinion and remanded for hearing on merits 10 A D 2d 919, 25 Misc 2d 246 [hearing on merits]). Cases indicating, in dictum, a view similar to that expressed in the Forbell case (supra) include Young v. Roe (58 N. Y. S. 2d 629, 630) and Matter of Hubbard (82 N. Y. 90, 92). However, language in other cases indicates a contrary view. See Farrell v. Ellsworth (52 N. Y. S. 2d 513, 514) and May v. May (233 App. Div. 519, 520), where it was stated that “where both parties are before the court, custody of a child or children without the jurisdiction may be made. That, however, may be done merely because the parties are personally before the court, which, by virtue of its control over such persons, may enforce its commands with respect to each.” (Accord People ex rel. Tull v. Tull, 245 App. Div. 508, affd. without opinion 270 N. Y. 619; People ex rel. Ludden v. Winston, 34 Misc. 21, affd. 61 App. Div. 614; People ex rel. Billotti v. New York Juvenile Asylum, *13 57 App. Div. 383; People ex rel. Dunlap v. New York Juvenile Asylum, 58 App. Div. 133. See, generally, Ann. 4 A. L. R. 2d 7, 62-66.) There is no reason to suppose that a court of this State would uphold jurisdiction if a nonresident respondent were served while merely passing through this State, if the infant were not here too, or that service without the State upon a nonresident respondent would be upheld. (See Civ. Prac. Act, § 235.) In any event, that situation is not here present.
If domicile of respondent’s second husband is imputed to her (Matter of Daggett, 255 N. Y. 243), New York is now her domicile as well as the domicile of the child (Matter of Thorne, 240 N. Y. 444; Kurz v. Kurz, 51 N. Y. S. 2d 581). Furthermore, it has been held that a court of this State may modify the custody provisions of a foreign divorce decree. “ [A] judgment in the rendering State is entitled to the same finality, i.e., is res judicata only to the same extent in sister States as it is in the rendering State. * * * Thus in Halvey v. Halvey [330 U. S. 610, 614], the Supreme Court of the United States has epitomized the doctrine by saying: ‘ So far as the Full Faith and Credit Clause is concerned, what Florida could do in modifying the decree, New York may do.’ ” (Langerman v. Langerman, 303 N. Y. 465, 474.) Here, before the court, are the parties interested and the party who has control over the child. Within this State there is the actual physical residence of the father and of the mother for over two years, as well as the residence and domicile of the second husband. Accordingly, the objection to jurisdiction is denied.