Martin Evans, J,
Plaintiff mother moves for an injunction, restraining defendant father from, further prosecution of a habeas corpus proceeding for child custody which he commenced in the Superior -Court of Connecticut, County of Fairfield, on January 7,1974. The basis of the application is: that a custody proceeding in Connecticut was instituted in bad faith for the purpose of avoiding the course of action to resolve this matter taken by this court.
In 1970, plaintiff commenced an action for a divorce, both parties and the children then residing in New York State. A judgment of divorce was entered on March 22,1971 which makes no disposition df child custody. On May 9, 1973 when plaintiff and the children still resided in New York, plaintiff obtained an order to show cause to modify the judgment to provide for child custody to the mother, as well as other relief. Plaintiff removed herself and the children to Connecticut in July, 1973, where her present husband resided. This court has conferenced with the parties, lawyers, and children over a period of six months, but has neither held a full hearing nor finally adjudicated the matter.
This court, having jurisdiction over both parties, sought to resolve the custody dispute, keeping in mind the best interests of the children. It has been the position of the court, with the accord of counsel, that a quick trial of this matter would neither serve the best interests of the children, nor that of the defendant in this case. Delay in this matter was not caused by the caseload burden of the court, as contended by defendant’s substituted and present counsel, but rather it served to best effectuate the ends of justice.
The court has conferenced at length with the parties in this proceeding, including extensive conferences with the children. Numerous directives have been made in an attempt to accomplish a satisfactory resolution. The result in a custody proceeding is not only to determine which of two parties is entitled *379 to their children, but rather, by the award of custody will the best interests of the children be served. It has been the court’s paramount purpose to re-establish a solid relationship and understanding between the children and their father, a more co-operative attitude ¡between the mother and father, and a more diligent attempt by the mother to foster the relationship .between the father and children for the welfare of the children who have a special bond to their father.
Defendant’s counsel asserts that any order or modification of the judgment by this court regarding custody would be ineffectual and not entitled to full faith .and credit in Connecticut where plaintiff and the children .are residing. The Connecticut court in Boardman v. Boardman (135 Conn. 124, 135 [1948]), a case cited by defendant which involved a fact pattern very similar to this situation, said: £ 1 Our conclusion is that the Superior ¡Court in this case had the right to determine the custody of the child as between the parties in such a way as .would serve his best interests and in so doing was not obligated to give full faith and credit to the provisions of the 'New York decree as to his custody.”
Plaintiff’s counsel contends that the defendant should be restrained and enjoined from commencing the .Connecticut action because he is forum-shopping, and attempting to find a second jurisdiction more sympathetic to his story.
The cases cited by plaintiff demonstrate situations in which New York courts have enjoined parties from further prosecution of an action for the same relief subsequently commenced in another jurisdiction where the New York court had personal jurisdiction over both parties. However, none .of the cases cited involve the issue presented here. Cases such as Hammer v. Hammer (303 N. Y. 481), Garvin v. Garvin (302 N. Y. 96), Pereira v. Pereira (272 App. Div. 281), involve situations where a divorce action was commenced in ¡a foreign jurisdiction, but plaintiff in the foreign suit did not possess a bona fide domicile in the foreign iState.
The two further cases cited iby plaintiff do not involve injunctions of foreign proceedings, but rather the jurisdiction of New York courts over custody proceedings where the children presently reside outside of New York ¡State (Matter of Kades, 23 Misc 2d 222, affd. 10 A D 2d 919, concerning service of process to compel return of child to State; and Church v. Church, 23 Misc 2d 189, that New York court has jurisdiction of custody proceeding when modification of judgment of separation entered in New York).
*380 This court has power over defendant to restrain him from prosecuting the proceeding in Connecticut. However, had faith of defendant in proceeding with the Connecticut proceeding must be shown, as. well as the inequity and injustice of any proceeding being commenced in 'Connecticut. This court recognizes the interest of ¡Connecticut in this custody proceeding. The another and the children presently reside with her present, husband in 'Connecticut, and it appears that it is their permanent residence. A trial in iConnecticut,would not inconvenience the plaintiff and the children. A determination of the Connecticut court would be readily enforceable, since the children are in that 'State.
Although this court has spent an enormous amount of time attempting to -amicably resolve the matter, no hearing has been held and no final decision rendered. Therefore, defendant father’s commencement of a habeas corpus proceeding in Connecticut is proper, and will not be enjoined by this court.
Motion is denied.